Judge Underwood
delivered the opinion of the Court.
Taylor recovered a judgment against Lewis, while he was a minor, for boarding; Lewis filed his bill in chancery, alleging, that the amount had been paid before suit was brought; and that process was never served upon him, although returned executed by the sheriff; in consequence of which, he was prevented from making defence.
The court decreed a perpetual injunction of the judgment, at law, unless Taylor would consent to a new trial; Taylor refused, and has brought the case to this court. There is no evidence that the account for boarding was paid. The evidence conduces strongly to show, that Lewis was not in the county, on the day of the date of the sheriff’s return. By presuming a mistake in the date of the return, the evidence might be reconciled with the idea, that process was served on Lewis; but there is no foundation for such presumption.
We shall, therefore; consider the evidence as irreconcilable with the return. This question then, arises, can Lewis impeach that return, by a proceeding in chancery? If the bill had alleged a fraudulent combination between Taylor; and the sheriff, to make a false return, so that judgment might be obtained without the knowledge of Lewis, we should have no doubt, but that a court of chancery might grant relief, upon proving the facts. But where the plaintiff at law, acts in good faith, and the sheriff returns the process, ‘executed, when in truth, it never was, it is our opinion, that the return is conclusive against the defendant, in favor of the plaintiff. If the sheriff acts contrary to his duty, he is responsible to the party injured. It would lead to mischievous consequences, if the official return of an officer, in favor of a party, acting in good faith,could be impeached in chancery, to the prejudice of the innocent party; and he made to suffer for another’s wrong.
We are clear, that this ought npt to be done collaterally, in a proceeding; to which the .officer, whose *401 4ct is tó be impeached, is no party. The officer is hb party in this suit. The evils resulting from tolerating an impeachment of á sheriff’s return, collaterally, are pointed at in the case of the Sergeant, of this court* against George, V. Litt. 199; and although the question is not there expressly settled, we think the intimation clear, from the reasons given, that the judges, then on the bench, would have concurred with us. Regarding the sheriff’s return as conclusive, upon Lewis, he has failed to make out any grounds for the jurisdiction of a court of chancery. If he has been injured, he has redress at law
Dennyr, for plaintiff; Crittenden, for defendant.
Wherefore, the decree of the circuit court is set aside, and reversed; and the cause remanded, with directions to dissolve the injunction, with damages, and dismiss the bill with costs.
The plaintiff in error must recover costs.