Nealis, Administrator, *et al.* *v.* Dicks *et al.*

No. 7667.

NEALIS, ADMINISTRATOR, ET AL. *v.* DICKS ET AL.

COURTS.—*Power of.*—*Vacating Judgment.*—*Fraud.*—*Equity.*—The power and right of courts of equity to set aside judgments procured by fraud are now unquestioned.

Nealis, Administrator, *et al. v.* Dicks *et al.*

SAME.—*Review of Judgment.*—*Statute Construed.*—The statute concerning the review of judgments does not restrict the power of the court to set aside judgments to the causes and modes therein specified, to the exclusion of all other causes and modes.

SAME.—Courts possess other powers than those expressly conferred by statute.

SAME.—*Statutory Construction.*—Where the statute prescribes the causes for which a judgment may be set aside, and provides a mode of procedure, it must be followed and obeyed.

SAME.—*Pleading.*—*Complaint.*—*Article 28 of Code does not Apply to Cases of Fraud.*—*Case Disapproved.*—Article 28 of the code, concerning review of judgments, is intended to apply to cases where a re-examination or reconsideration of the proceedings is necessary, and a complaint thereunder, seeking a review, must make the record of the proceedings sought to be reviewed a part thereof. Such article, however, does not apply to cases where relief is sought on the ground of fraud in obtaining the judgment. In such case it is not necessary to make the record a part of the complaint, nor does the limitation of three years apply to such case. *Quick* v. *Goodwin,* 19 Ind. 438, disapproved.

SAME.—*Judgment Obtained by Violation of Compromise.* — *Fraud.*—A judgment obtained in violation of an agreement of compromise, by which an appearance to the action was prevented, is such a fraud as entitles the party against whom judgment is taken to have it vacated and set aside.

From the Boone Circuit Court.

*T. J. Terhune, J. W. Clements* and *F. M. Charlton,* for appellants.

ELLIOTT, J.—The appellees sought and obtained a judgment setting aside a default and judgment rendered in favor of Orville S. Hamilton on the 12th day of May, 1875. The complaint of appellees was filed on the 8th day of November, 1877. As more than two years had elapsed between the time of rendering the judgment and the filing of the complaint, the appellees were not entitled to relief under section 99 of the code. If entitled to relief at all, it must be upon the ground that their complaint states facts sufficient to authorize a vacation of the judgment independently of the provisions of the statute referred to. The complaint

does not profess to bring the case within the provisions of the code concerning the review of judgments.

Hamilton's judgment is attacked upon the ground of fraud. The assignment of errors questions the rulings upon two paragraphs of the complaint, the first and second ; but, as they are substantially the same, we need not give to each a separate consideration.   Stripped of all merely formal and superfluous matters, and stated in a condensed form, the complaint is briefly, in substance, this : That after Hamilton had begun the action in which the judgment was rendered, and after process served, the appellees compromised the claim which. constituted Hamilton's cause of action ; that Hamilton then agreed to dismiss his action ; that appellees relied upon that agreement and gave the case no further attention ; that judgment was rendered without their knowledge ; that they did not know that judgment had been entered against them until the 30th day of October, 1877, and that they had performed their part of the agreement of compromise.   It is also averred that the appellees had a meritorious defence to Hamilton's action.

The power and right of courts of equity to set aside judgments procured by fraud, have been exercised for many years.   Once, indeed, the right was doubted, but it has long been unquestioned.   This power has been often exercised by the courts of this State.

That our courts possess ample equity powers, is a proposition so plainly correct that its bare statement excludes debate. Nor does the statute concerning the review of judgments restrict the power of the courts to set aside judgments to the two grounds there specified.   Courts must, and do, possess other powers than those expressly conferred by statute. The code does not profess to strip the courts of the powers incident to courts of equity.   The framers of the code did not intend to take from our courts rights and authority long asserted and exercised.   Courts of equity possess powers

far more important, and infinitely more essential, to the complete administration of justice, than any ever created or conferred by legislative enactment. The powers of courts of equity were created and defined by men of wisdom, whose object was to form a body of primary rights and equitable remedies that would enable the courts to enforce the principles of natural justice. It will not do to hold that courts possess no power to annul judgments except upon the grounds and in the mode expressly specified and prescribed by statute. If courts were restricted to the exercise of mere statutory powers, they would make but a lame and halting progress in the administration of justice. The statute concerning the review of judgments does not mean that judgments shall only be vacated upon the grounds therein designated, or only in the mode there prescribed, to the exclusion of all other causes and all other modes. Neither the letter nor the spirit of the act warrants the conclusion that the Legislature intended to so narrow the power of courts of general jurisdiction to relieve against judgments, as to limit and confine them to the causes and modes expressly prescribed by statute. Where the statute does prescribe the causes for which a judgment may be set aside, and does provide a mode of procedure, then, of course, the statute controls, and is to be followed and obeyed.

The provisions of the code do not in terms refer to the vacation of judgments upon the ground of fraud. In the article concerning the review of judgments, two causes for review are named: 1st. Errors of law; 2d. The discovery of material new matter. 2 R. S. 1876, p. 249. The fraudulent act of a party, by which he prevents an appearance, can not be justly said to be new matter within the meaning of the code. It would be an abuse of terms to affirm that a review of the judgment and proceedings was necessary in order to get rid of a judgment procured by such fraudulent means, for there is, in such a case, nothing to review. It is evident that the

article of the code referred to is intended to apply to cases where a re-examination or reconsideration of the proceedings is necessary in order to give adequate and just relief. Review ordinarily means to reconsider, to re-examine, and it is obvious that this is the meaning attached to the word by our code.     That this court regards the code as embracing only cases where it is necessary to re-examine former proceedings, is conclusively shown by the fact that there is a long and unbroken line of cases holding that, where the complainant seeks a review, he must make the record of the proceedings in the cause sought to be reviewed a part of his complaint.     Where, as here, the complainant seeks relief from a judgment upon the ground of fraud in obtaining it, there can not be the slightest shade of reason for requiring the record to be incorporated into the complaint for review. The question in such cases is, Was the prevailing party guilty of fraud in obtaining judgment?     This is the only question, and it would be idle to assert that in such a case there must be a review of the rulings of the court.     There is, of course, a very great distinction between obtaining a judgment by fraud and cases where fraud constitutes a defence.     If the complainants were asking to be let in to defend upon the ground of newly-discovered matter showing fraud, then undoubtedly there must be a review of the judgment, but that is not the case here.

To hold that the code concerning review of judgments governs such a case as the present would be to deny the appellees all relief, because they have discovered no new matter since the rendition of the judgment.     They knew then as well as they know now the terms of the agreement of compromise.

To place such a case as the present within the article of the code under mention would, in many cases, result in an entire denial of justice.     Complaints to review must be filed within three years after the rendition of the judgment.     It

might happen, it is more likely to happen than not, that a party, against whom a judgment had been entered by a fraudulent violation of a compromise agreement made subsequent to the bringing of the action and service of process, would remain in utter ignorance of the existence of a judgment until more than three years had elapsed. The Legislature did not mean that the statute should be successfully invoked by one who had confessedly obtained a judgment by fraud.

We have discussed this subject at more length than would have been necessary were it not for the case of *Quick* v. *Goodwin*, 19 Ind. 438, 443. In that case it is said by HANNA, J.: "We suppose, under an application to review, etc., fraud in obtaining a judgment may be shown, as a cause, etc., but three years appears to be fixed as the limit within which such proceedings shall be instituted, and the act in relation to reviews contains no clause similar to section 219." No such question as that suggested in the quotation we have made was before the court, and no decision was made upon it, or any question of a similar character. The dictum contained in the extract taken from the opinion is, by us, disapproved. The case from which we have quoted seemingly approves of the doctrine that courts have such powers only as are conferred by statute, and this we deem radically erroneous.

A bill of review was not the appropriate remedy, under the old chancery practice, against a judgment obtained by fraud, and it is evident that our code did not mean to enlarge the office of a bill of review, but that it did mean to provide substantially the same remedy. Courts of equity relieved against judgments obtained by fraud, not by bill of review, but by original bill, generally by injunction. *Carrington* v. *Holabird*, 17 Conn. 530; *Greene* v. *Haskell*, 5 R. I. 447; *Pearce* v. *Olney*, 20 Conn. 543; *Chambers* v. *Robbins*, 28 Conn. 552.

The complaint shows that Hamilton's judgment was obtained by fraud. The facts pleaded bring the case fully

within the rule declared by the adjudged cases. The violation by Hamilton of the stipulation contained in the agreement of compromise was, of itself, such a fraud as entitled the appellees to relief. The cases are full and explicit upon this point; a judgment obtained in violation of an agreement of compromise, and by which an appearance is prevented, will not be allowed to stand. *Molyneux* v. *Huey*, 81 N. C. 106; *Hibbard* v. *Eastman*, 47 N. H. 507; *Cannan* v. *Reynolds*, 5 El. & B. 301; *Philipson* v. *Earl of Egremont*, 6 A. & E. (N. S.) 587; *Allen* v. *Maclellan*, 12 Penn. St. 328; *Hall* v. *Holmes*, 30 Md. 558; *Hurlburt* v. *Reed*, 5 Mich. 30; *Rogers* v. *Gwinn*, 21 Iowa, 58; *Dobson* v. *Pearce*, 12 N. Y. 156. Our own court has recognized this doctrine. *Johnson's Adm'rs* v. *Unversaw*, 30 Ind. 435; *Stone* v. *Lewman*, 28 Ind. 97. The case last cited has been overruled upon one point, but not upon the point upon which we now cite it.

There is no brief from appellees' counsel, and this we regard as a breach of duty, of which both the trial and appellate courts have a right to complain. It is due to both courts that the grounds upon which the court below rested its judgment should be presented on appeal.

Judgment affirmed.