No. 16,344.

## COOK v. CLAYBAUGH.

DESCENTS.—*Widow Inheriting Land from Her Husband.*—*Marrying Second Husband.*—*Divorce Procured by Collusion.*—*Land Conveyed to Third Person.* —*Loan Procured on to Pay Second Husband's Debts.*—*Reconveyance.*—*Validity of Mortgage.*—A widow, by virtue of her marital rights, received a certain tract of land from her husband, and married. In order to procure money to pay off her second husband's debts, she entered into an agreement with him and his brother to the effect that she would obtain a divorce from her husband, then convey her land to his brother, the latter to procure a loan and mortgage the land to secure its payment, turn the money over to her husband, who was to assume the debt, he and she remarry, and the brother then reconvey the land to her. All this was done. Then she borrowed money of the appellee, who knew of the transactions narrated, and, with her husband, gave to the appellee the mortgage in controversy.

*Held,* that she took the land by purchase when it was reconveyed to her, and that the mortgage was valid.

DIVORCE.—*Agreement to Procure.*—*Validity of Divorce so Procured.*—A divorce procured by agreement between the parties is *prima facie* valid.

From the Howard Circuit Court.

*M. Bell* and *W. C. Purdum,* for appellant.

*J. C. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellee.

OLDS, J.—This is an action upon a promissory note executed by the appellant, Hiley S. Cook, to the appellee, Joseph Claybaugh, and for the foreclosure of a mortgage se-

curing the same, executed by said Hiley S. Cook and her husband, William H. Cook.

The appellant, Hiley S. Cook, filed a separate answer, seeking to avoid a foreclosure of the mortgage, alleging that in June, 1877, Lafayette McCarty died intestate, the owner in fee simple of the real estate described in the mortgage, together with other real estate, leaving as his only heirs at law his widow, the appellant, Hiley S. Cook, and five minor children, naming them, all of whom are still living and under the age of twenty-one years; that on July 5th, 1879, appellant was lawfully married to William H. Cook; that in a partition proceedings between the said widow and heirs of McCarty, the land described in the mortgage was set off to the appellant; that appellant's husband became largely indebted and desired to obtain a loan of $500 to pay said indebtedness, and execute a mortgage on said land to secure the same, and, being unable to do so, an attorney was consulted, and by his advice and the solicitations of her said husband it was agreed by and between the attorney, the appellant, William H. Cook, her husband, and one Harvey Cook, brother of said William H. Cook, that the attorney should file a petition for the appellant against her husband and procure a divorce from him; that after the divorce was obtained the appellant was to convey the land to said Harvey Cook, who was to procure a loan of $500 and secure the same by a mortgage upon said real estate and turn the money so borrowed over to William H. Cook, who was to assume the payment of the note and mortgage; then appellant and William H. Cook were to remarry, and said Harvey Cook was to then reconvey the land to the appellant; that the divorce was obtained, the land conveyed to Harvey Cook, a loan procured and real estate mortgaged, the money turned over to William H. Cook and he agreed to pay off the debt. Appellant and William H. Cook remarried, and Harvey Cook reconveyed the land to the appellant. William H. Cook paid off the note and mortgage, and afterwards the ap-

pellant borrowed the money of the appellee, Claybaugh, and, her husband joining, they executed the mortgage described in the complaint to secure the same. It is further alleged that appellee had full knowledge of the facts at the time of the execution of the note and mortgage.

It is alleged that there was no intention of conveying the fee in the real estate to Harvey Cook; that he paid no consideration, and it was simply conveyed to him as a part of the scheme as above set out.

A demurrer was filed to this answer by the appellee and sustained; and the correctness of this ruling is the only question discussed.

The question presented by this ruling is whether or not the appellant, Hiley S. Cook, at the time of the execution of the mortgage held the real estate in virtue of her previous marriage with McCarty, or by virtue of the conveyance to her by said Harvey Cook. So far as the facts pleaded relating to the agreement in regard to the obtaining of a divorce and the transferring of the real estate are concerned, they do not disclose any real merit or equity in favor of the appellant. It does not appear that she was deceived, misled or coerced; she voluntarily entered into the agreement, and had the proceedings for divorce instituted, and procured a divorce from her husband. After the divorce was granted and when, for aught that appears, she was entirely free from the influence of her former husband, she makes a conveyance of the land to Harvey Cook, who afterwards conveyed the same to her. It is alleged that the mortgage executed by Harvey Cook upon the land while the title was in him has been paid by William H. Cook. For aught that appears in the answer, the note given in this case was for money received by the appellant or for her individual debt.

The principle enunciated in the opinion of the court in the case of Nesbitt v. Trindle, 64 Ind. 183, is decisive of the question in this case. In that case Harriet Trindle, widow of George Trindle, deceased, inherited one-third of the real

estate of her husband. While she remained his widow she, without consideration, conveyed the land by deed in fee to one Learned, and then she intermarried with one Nesbitt, and, after her marriage with Nesbitt, Learned reconveyed the land to her. In that case the court says: "While said Harriett remained a widow, she had the right to dispose of said property, either for or without a consideration; her motives in the conveyance were not material; and she could not be chargeable with fraud upon her children, by conveying it, without consideration, because they had no legal interest in, or, at that time, right to it. She did so dispose of it, and subsequently acquired it by a new title. After that she did not hold the land by virtue of her previous marriage, and the restriction upon her right to alienate, contained in section 18 of the statute of descents, ceased to be operative upon it; and the only right of her children to inherit it was contingent upon her owning it at her death. Restrictions upon the right of the owner to alienate his land are not to be favored."

It is insisted that only the legal title was transferred by the conveyance to Harvey Cook and his reconveyances back to the appellant; that the equitable title remained in the appellant, and that she at all times held that in virtue of her former marriage. The conveyance in this respect in no way differs from that in the case of *Nesbitt* v. *Trindle, supra.* The conveyance in that case was without any actual consideration, and the court says the consideration is immaterial, as she has the right to convey the same without any consideration.

The facts alleged show the appellant conveyed the land to Cook by warranty deed. Such a deed conveyed a full and complete title to the land.

In accordance with the decision in the case of *Nesbitt* v. *Trindle, supra,* it has been held that, in a partition proceedings between the widow and heirs, if a sale be had the widow takes a complete title to the one-third of the pro-

ceeds, and the heirs are divested of their right of inheritance in case of her death during a subsequent marriage; and this is true even when the widow becomes the purchaser of the land. She takes the land by purchase, and not by descent. *McMakin* v. *Michaels,* 23 Ind. 462; *Spencer* v. *McGonagle,* 107 Ind. 410.

We do not by our opinion in this case sanction the policy alleged to have been resorted to in order to secure a transfer of the land; but the divorce, though procured in the manner alleged, was *prima facie* valid, though it may have been set aside by reason of having been procured in pursuance of an unlawful agreement, and by practicing a fraud upon the court; yet, while the decree stood in full force, the appellant had the right to execute a conveyance for the land, either voluntarily or for a consideration, and pass the title to a third person.

There was no error in sustaining the demurrer to the answer.

Judgment affirmed, at costs of appellant.

