## RINEHARDT ET AL. *v.* REIFERS.

[No. 19,846. Filed June 3, 1902.]

MORTGAGE.—*Erroneous Description.*—*Reformation.*—An erroneous description of real estate in a mortgage that is full and consistently complete within itself, and clearly and correctly identifies another body of land, will not be reformed to embrace an entirely different tract, to the prejudice of a subsequent mortgagee who accepted his mortgage in ignorance of the mistake and in *bona fide* reliance upon the appearance of the public record. *pp. 676, 677.*

SAME. —*Innocent Mortgagee.* — *Quitclaim Deed.* —A mortgage having been executed and recorded with an erroneous description, the mortgagor conveyed by quitclaim deed to a grantee, who "mortgaged and warranted" the land to a second mortgagee. *Held,* that the fact that the grantee took by quitclaim deed did not affect his mortgagee's character of innocent purchaser, so as to give the first mortgage priority. *pp. 677, 678.*

From Tippecanoe Superior Court; *W. D. Wallace,* Judge.

Suit by Nicholas S. Reifers against Charles F. Rine-hardt and others to foreclose a mortgage. From a decree for plaintiff, defendants appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*W. H. Bryan, J. M. LaRue* and *W. C. Mitchell,* for appellants.

*J. F. McHugh* and *A. O. Behm,* for appellee.

HADLEY, J.—William D. Mann, being the owner of lots thirteen and fourteen in University Park, second addition to West Lafayette, on April 10, 1896, mortgaged the same to appellants, as trustees of Tippecanoe lodge, I. O. O. F. (hereinafter called the lodge), to secure a debt of $400. By mutual mistake the premises were erroneously described as lots thirteen and fourteen in University Park addition to West Lafayette. The defective mortgage was timely recorded. On June 20, 1897, Mann conveyed the premises by quitclaim deed, in which the lots were correctly described, to Patrick Carr, who, on December 3, 1897, mortgaged the same to appellee to secure the payment of $200. When appellee accepted said mortgage he had no notice or knowledge of the mistake or of the existence of the mortgage to the lodge, and at the time believed the lots free and unencumbered. Appellee, upon Carr's default, brought foreclosure against Carr, the lodge, and others, alleging that the lodge claimed some adverse interest which was unfounded. The lodge filed a cross-complaint against appellee, setting up its mortgage from Mann, the mutual mistake in description, and prayed that said mortgage be reformed and declared to be senior and paramount to the lien of appellee's mortgage. Upon proper issues there was a finding and judgment for appellee.

The sole contention presented by the record is whether the lodge or appellee is entitled to the paramount lien. It is undoubtedly the law that an erroneous description of real estate in a mortgage, that is full and consistently complete within itself, and clearly and correctly identifies another

body of land, will not be reformed to embrace an entirely different tract, to the prejudice of a subsequent mortgagee, who accepted his mortgage in ignorance of the mistake, and in *bona fide* reliance upon the appearance of the public record. *Pence* v. *Armstrong,* 95 Ind. 191.

Here the description in the lodge's mortgage is "lots thirteen and fourteen in University Park addition to West Lafayette." We must assume, because the cross-complainants do not aver to the contrary, nor does it otherwise appear, that there was on the public records of Tippecanoe county an addition known as University Park addition to West Lafayette, and that it contained lots numbered thirteen and fourteen. While appellee was bound to take notice of the record of both additions, as well as of the mortgage record, he was not required to take notice that a mortgage which fully and accurately described lots thirteen and fourteen in University Park addition was really meant and intended to describe lots thirteen and fourteen in the second addition.

But it is contended by appellants that appellee is not entitled to protection as an innocent purchaser, because his mortgagor held title by quitclaim deed only. To this we can not assent. It has been held that a grantee in a deed of general warranty, who acts in good faith, and without notice, and whose grantor held title by quitclaim, may be an innocent purchaser within the meaning of the law. *Meikel* v. *Borders,* 129 Ind. 529.

This, and other like cases, rest upon the theory that, however it may be as to the much mooted question whether a grantee by his acceptance of a quitclaim deed is put upon his inquiry as to the title by the very form of the deed; yet, when he conveys the same title by warranty, for like reason, the form of the latter deed furnishes sufficient assurance to justify confidence that upon inquiry the title had been found good and unencumbered. A mortgage with warranty is entitled to as much faith and confidence as a warranty deed. Carr's mortgage to appellee is in the usual form, the grant-

Malott *v.* State, *ex rel.*

ing words being "mortgage and warrant." With respect to such mortgages, §3349 Burns 1901, provides that a mortgage of land worded as follows: "A. B. mortgages and warrants to C. D., etc., to secure the payment," etc., "shall be deemed and held to be a good and sufficient mortgage to the grantee, his heirs, assigns, executors and administrators, with warranty from the grantor and his legal representatives, of perfect title in the grantor and against all previous encumbrances."

It follows that the trial court rightly ruled that appellee, having accepted his mortgage in good faith, and without notice of the mistake in appellant's mortgage, was an innocent purchaser or mortgagee, and entitled, as against appellants, to the prior lien.

Judgment affirmed.