## GRAHAM v. LOH ET AL.

[No. 5,008.    Filed January 12, 1904.]

JUDGMENT.—*Fraud.*—*Collateral Attack.*—Where a judgment has been procured by fraud, a proceeding to vacate it upon that ground is a direct, and not a collateral, attack. *p. 184.*

SAME.—*Jurisdiction.*—*Collateral Attack.*—A judgment can not be collaterally attacked for lack of jurisdiction when the infirmity does not appear upon the face of the record. *p. 184.*

SAME.—*Fraud.*—*Vacating.*—A judgment can not be vacated for fraud in the cause of action, but may be vacated for fraud in obtaining the judgment. *p. 186.*

SAME.—*Summons.*—*False Return.*—*Fraud.*—A suit to vacate a judgment for fraud based upon the false return of the officer as to service of the summons can not be maintained, where no fraud is shown on the part of the judgment plaintiff. *pp. 186–188.*

From Jennings Circuit Court; *Willard New*, Judge.

Suit by Elbridge G. Graham against Sarah A. Loh and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*G. F. Lawrence* and *W. H. Lawrence*; for appellant.
*Burt New*, for appellees.

ROBY, J.—To each of the three paragraphs of the appellant's complaint a demurrer for want of facts was sustained, and he appeals from the judgment rendered upon his refusal to plead further.

The appellees insist that the proceeding is based upon the statute providing that the court "shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any proceedings, or complaint on motion filed within two years." §399 Burns 1901. In proceedings under this statute, it may be shown that no service of proc-

ess was made upon the applicant. *Neitert* v. *Trentman,* 104 Ind. 390. The complaint herein was filed February 10, 1902. The judgment complained of was rendered October 10, 1895. The evident purpose of the pleader was to obtain the vacation of the judgment on account of fraud. Construed according to its general tenor it is not a proceeding to review or correct the judgment, but one in which the absolute lack of jurisdiction is claimed. *Dobbins* v. *McNamara,* 113 Ind. 54, 3 Am. St. 626; *Willman* v. *Willman,* 57 Ind. 500; *Cully* v. *Shirk,* 131 Ind. 76, 31 Am. St. 414. When a judgment has been procured by fraud, a proceeding to vacate it upon that ground is a direct, and not a collateral, attack. *Cotterell* v. *Koon,* 151 Ind. 182; *Adams School Tp.* v. *Irwin,* 150 Ind. 12-16; *Asbury* v. *Frisz,* 148 Ind. 513; *Kirby* v. *Kirby,* 142 Ind. 419; *Brake* v. *Payne,* 137 Ind. 479; *Wilhite* v. *Wilhite,* 124 Ind. 226; *Brown* v. *Grove,* 116 Ind. 84, 9 Am. St. 823; *Earle* v. *Earle,* 91 Ind. 27; *Hogg* v. *Link,* 90 Ind. 346, 349; *Nealis* v. *Dicks,* 72 Ind. 374. A judgment can not be collaterally attacked for lack of jurisdiction when the infirmity does not appear upon the face of the record. *Thompson* v. *Harlow,* 150 Ind. 450; *First Nat. Bank* v. *Hanna,* 12 Ind. App. 240; *Denton* v. *Arnold,* 151 Ind. 188; Freeman, Judgments (4th ed.), §131.

It is averred in the first paragraph of complaint, in substance, that the judgment sought to be vacated was based upon a promissory note payable to appellee, and purporting to have been executed by appellant and William A. Graham and Samuel A. Tatem. Summons for appellant and William A. Graham was issued upon complaint filed July 23, 1895, and placed in the hands of the sheriff; it being averred in the complaint that Tatem was dead, leaving no estate. Such summons was duly returned by said sheriff as served upon William A. Graham by reading, and upon appellant by leaving a copy at his last and usual place of residence, and judgment was thereafter rendered against

Graham v. Loh.

both of said parties by default. Appellant further averred and the facts relied on are, substantially, that he had not signed said note, nor authorized any person to do so for him; that he had not ratified its execution, and did not know that such note was in existence, or that suit had been instituted thereon and a judgment rendered until he received a letter dated January 11, 1902, from the attorney who appeared for appellee in said suit; that immediately upon receipt of such letter he called upon William A. Graham (who was his father) and was for the first time informed that said Tatem had forged his name to said note; that when said William A. had been served with summons in said case the sheriff had left a copy of said summons for appellant with said William A., and had not left the same at the last and usual place of residence of appellant, but that said copy was handed to said William A. not nearer than twenty or thirty yards from his house, and that said William A. then destroyed said copy, and purposely, wilfully, and intentionally concealed from appellant the forgery of said note, that a suit had been instituted thereon, and a copy of said summons been left with him to be given to appellant; that on July 26, 1895, and for three or four days thereafter, appellant and his wife were away from home, and he did not know that the sheriff had been at or near his home at any time with a summons in any action wherein he had been named as defendant until he was so informed by said William A.; that appellant was living in the same house with said William A. during the month of July, 1895. The record, therefore, upon its face, shows jurisdiction; and the sufficiency of the pleading depends upon whether its further averments show that such jurisdiction was procured by fraud, vitiating the judgment thereafter rendered. Other averments are intended to show appellant's ignorance of the whole matter, and that he would have defended himself in said action, had he had any notice thereof. It is averred in the third paragraph

that appellee, at the time she received said note, and at the time judgment was rendered thereon, by the exercise of diligence, could have known that the same was a forgery. Various evidentiary facts are also set up, the statement of which is not necessary to the decision.

The judgment can not be vacated for fraud in the cause of action, but only for fraud in obtaining it. *Brake* v. *Payne, supra; Spencer* v. *Spencer,* 31 Ind. App. 321; *Stale, ex rel.,* v. *Holmes,* 69 Ind. 567, 589. The pleading does not charge fraud against appellee, and the question is whether the fraud of others is sufficient, as against her, to invalidate a judgment regular on its face. The unblemished equity of appellant is confronted by the public policy which requires that judgments shall be judged by the record, and judicial decrees be as they purport to be—final. Such policy is not controverted by attacks made on account of fraud practiced by the parties, whereby an appearance of jurisdiction is secured, for fraud vitiates everything that it touches—judgments as well as contracts. Freeman, Judgments (4th ed.), §99.

But when the fraud is that of others than the plaintiff, who has proceeded in due course of law, relying upon the return made by the officer showing service of process, relief extended to a defendant as here demanded would destroy the finality of the record to such an extent and for such causes as seriously to impair the ends for which courts are organized and litigation prosecuted. In *Adams School Tp.* v. *Irwin, supra*—a proceeding brought to vacate a judgment for fraud—it was held that a judgment against a township fraudulently permitted by its trustee could not be set aside; it not appearing that the plaintiff had been guilty of any fraud or misconduct in obtaining it. *Cicero Tp.* v. *Picken,* 122 Ind. 260, cited and followed in the Adams case, is to the same effect. In both these cases the person, because of whose fraud the judgments were attacked, had authority to act for the township, and the question of its own concurring

negligence therefore entered into the discussions. In *State, ex rel.,* v. *Holmes, supra,* it was said that "fraud between codefendants will not affect the plaintiff, however gross it may be.  *  *  *  A fraud that is all on one side can not injure the other side." In *Nealis* v. *Dicks,* 72 Ind. 374, it is said that the question in such cases is, "Was the prevailing party guilty of fraud in obtaining the judgment?" Handing a copy of the summons to the codefendant twenty or thirty yards away from the house, did not authorize the sheriff to make return of service by leaving a copy of the summons at the last and usual place of residence. *Kibbe* v. *Benson,* 17 Wall. 624, 21 L. Ed. 741.

The United States Supreme Court doctrine is expressed as follows: "Assuming the fact to be that Walker was not served with process,  *  *  *  can the bill, in this event, be maintained? The respondents did no act that can connect them with the false return. It was the sole act of the marshal, through his deputy, for which he was responsible to the complainant Walker for any damages that were sustained by him in consequence of the false return. This is free from controversy. Still the marshal's responsibility does not settle the question made by the bill, which is, in general terms, whether a court of equity has jurisdiction to regulate proceedings, and to afford relief at law where there has been abuse in the various details arising on execution of process, original, mesne, and final. If a court of chancery can be called on to correct one abuse, so it may be to correct another; and, in effect, to vacate judgments where the tribunal rendering the same would refuse relief, either on motion or on proceeding by *audita querela,* where this mode of redress is in use. In cases of false returns affecting the defendant, where the plaintiff at law is not in fault, redress can only be had in the court of law where the record was made, and if relief can not be had there, the party injured must seek his remedy against the marshal." *Walker* v. *Robbins,* 14 How. (U. S.) 584, 14 L. Ed. 552; *Knox*

*County* v. *Harshman,* 133 U. S. 152, 10 Sup. Ct. 257, 33 L. Ed. 586; *Taylor* v. *Lewis,* 25 Ky. 400, 19 Am. Dec. 135; *Preston* v. *Kindrick,* 94 Va. 760, 27 S. E. 588, 64 Am. St. 779.

The averment in the complaint that the appellant's name was forged to the note upon which the judgment against him was rendered is not equivalent to a charge of fraud in procuring jurisdiction. *United States* v. *Throckmorton,* 98 U. S. 61, 25 L. Ed. 93.

Neither is the long, unexplained delay of appellee in taking steps to enforce her judgment equivalent thereto. It might very well be, had the averment been made that jurisdiction was procured by reason of fraud upon her part, that the circumstances existing would have justified the trial court in finding for appellant upon that issue. Such allegation was not made. In its absence the matter is not precluded by the judgment herein. Appellant's argument, based upon the circumstances connected with the transaction, lacks persuasive force when addressed to a matter of pleading. Addressed to the weight of evidence, its weight would be for the trial court. Judgments are designed to end controversy. They ought not to be more easily vacated for fraud than contracts are. That a party is benefited by a contract obtained by fraud to which he was not a party does not necessarily result in rendering it invalid as to him. *Morris* v. *Whitmore,* 27 Ind. 418; *Harshman* v. *Paxson,* 16 Ind. 512; *Jones* v. *Swift,* 94 Ind. 516, 520; *Lepper* v. *Nuttman,* 35 Ind. 384; *Vincennes Nat. Bank* v. *Cockrum,* 64 Ind. 229; *Jenners* v. *Howard,* 6 Blackf. 240; *Craig* v. *Hobbs,* 44 Ind. 363.

Judgment affirmed.

Henley, C. J., Robinson, Comstock, and Black, JJ., concur. Wiley, P. J., dissents.