## GORMAN ET AL. v. JOHNSON.

[No. 7,489.   Filed June 1, 1910.   Rehearing denied November 29, 1910.   Transfer denied December 16, 1910.]

1. MUNICIPAL CORPORATIONS.—*Town Trustees.*—*Acceptance of Alley Improvements.*—*Judicial Acts.*—A board of trustees of a town in accepting alley improvements, acts in a *quasi*-judicial capacity. p. 675.

2. MUNICIPAL CORPORATIONS.—*Alley Improvements.*—*Acceptance.*—*Fraud.*—A town board's acceptance of alley improvements, secured by fraud, will be set aside. p. 675.

3. MUNICIPAL CORPORATIONS.—*Acceptance of Alley Improvements.*—*Setting Aside.*—*Fraud.*—*Collateral Attack.*—*Cross-Complaint.*—In a suit by a contractor for alley improvements, to foreclose a lien therefor, the defendant property owner may, by cross-complaint, have such acceptance set aside, for the contractor's fraud therein, such cross-complaint constituting a direct attack. p. 675.

4. MUNICIPAL CORPORATIONS.— *Alley Improvements.*— *Fraud.*—*Bribery.* — *Evidence.* — Evidence showing that an alley improvement contractor furnished to the town inspector money with which to discount the pay of laborers, that such inspector realized from $2 to $3 a day by doing so, that the engineer and the town board relied upon his reports in the acceptance of the work, and that the contractor, with the inspector's knowledge, used 590 barrels of cement, instead of 960, as provided in the contract, by reason whereof the work was defective, shows fraud sufficient to set aside the acceptance. p. 676.

5. MUNICIPAL CORPORATIONS.—*Alley Improvements.*—*Acceptance.*—*Setting Aside.*—*Fraud of Contractor.*—In order to set aside a town board's acceptance of an alley improvement, it is not necessary to show fraudulent conduct by the trustees, fraud on the contractor's part in securing such acceptance being sufficient. p. 676.

6. MUNICIPAL CORPORATIONS.—*Alley Improvements.*—*Acceptance.*—*Fraud.*—*Aggrieved Party.*—The property owners who are required to pay for alley improvements are aggrieved parties, where fraud is practiced and, by proper proceedings, they may avoid payment. p. 676.

From Superior Court of Marion County (77,041) ; *Vinson Carter*, Judge.

Suit by Frank S. Gorman and others against William F. Johnson. From a decree for defendant, plaintiffs appeal. *Affirmed.*

*Caleb S. Denny, George L. Denny* and *Horace L. Gould,* for appellants.

*Alexander C. Ayres, Aquilla Q. Jones* and *Walter D. Jones,* for appellee.

ROBY, J.—This was a suit to foreclose a lien created by an assessment made against appellee's real estate for the improvement of an alley in the rear of his premises in the town of Woodruff Place. The cause was tried upon the issues made by a denial to appellee's cross-complaint, the allegations of which are, in substance, that the board of trustees was by fraud led to approve the assessment.

The court made a finding of facts, stated conclusions of law thereon, and entered a decree for appellee on his cross-complaint. The exceptions to the conclusions of law present the matters for decision. *Board, etc.,* v. *Wolf* (1906), 166 Ind. 325.

The findings show facts upon which appellant would, in the absence of the cross-complaint, be entitled to foreclosure; that the contract for said improvement was originally let to appellant Gorman and one Kane; that Kane assigned his interest to said appellant, who entered into a contract therefor; that subsequently the engineers of said town reported in writing that the work had been completed, with the exception of certain items specified, and they recommended the acceptance of the work, upon condition that $500 be retained until repairs specified were made; that said board acted on said recommendation, except that it reduced the amount to be retained to $250.

The town board employed one White as inspector of the work, and paid him for his services. His duty was to see that the work was done according to contract and to report to the town engineers as to the work done and the manner in which it was done. White had experience, and was competent. Appellant Gorman used only 590 barrels of cement,

when he should have used 960, ·and the concrete formed by
the mixture so made was inferior, weak, brittle, and of little
or no value.   A top dressing, one-half inch in thickness, was
put over it, and within thirty days after acceptance by the
board, the cement began to break, and there were more than
seventy-five holes in the surface, from one foot to five feet
in diameter.   Appellant Gorman knew the amount of sur-
face completed each day, knew that the proper amount of
cement was not being used, and was each day informed as
to the amount saved by such shortage.   White also had full
knowledge of said facts, and, with such knowledge, from
time to time reported to the engineers that the work was
being done in accordance with the contract and specifica-
tions, and at the conclusion of the work reported to said en-
gineers that the work was fully completed according to con-
tract.   Said engineers relied upon such reports, and believed
that the work was done according to contract, and so be-
lieving and relying, reported to said board that said work
had been fully completed according to the contract and spe-
cifications, and said board, relying thereon, accepted said
work and made the final assessment roll.   Appellant Gor-
man, soon after work was commenced, entered into an ar-
rangement with White, that the latter should keep the time
of the employes working on the job, and that he would fur-
nish said White each day or week money with which to pur-
chase at a discount wages earned, when any of the workmen
desired money in advance of payday, the profit realized to
be kept by White as his own.   Appellant Gorman furnished
money to White under the arrangement, and White almost
daily purchased wages from the workmen at from twenty-
five to forty per cent discount, and was thereby enabled to
and did receive for himself from $2 to $3 a day, which sum
he retained.   When said appellant made arrangement to
furnish said money, he knew that the final acceptance de-
pended largely, if not entirely, upon the reports which

should be made by said inspector to the engineers and by them to the board, and intended by the use of said money to influence and induce said inspector not to report the fact of the shortage of cement used, and the profits realized therefrom by White did influence and induce him to report that said work was done 'according to contract, although he knew at the time that such report was not true.

Other facts stated are only of incidental importance.

The board of trustees in accepting the work acted in a *quasi*-judicial capacity. *Hibben* v. *Smith* (1903), 191 U. S. 310, 24 Sup. Ct. 88, 48 L. Ed. 195; *Darnell* v. *Keller* (1897), 18 Ind. App. 103; *Shank* v. *Smith* (1901), 157 Ind. 401, 55 L. Ed. 564; *Lux, etc., Stone Co.* v. *Donaldson* (1904), 162 Ind. 481.

If the presumptions which are accorded to judgments rendered by courts of general jurisdiction are given to this order, appellant will have no cause for complaint.

It is elemental that fraud vitiates all that it touches, and the fact that it has been crystallized into a judgment does not change the rule. "The power and right of courts of equity to set aside judgments procured by fraud, have been exercised for many years. Once, indeed, the right was doubted, but it has long been unquestioned." *Nealis* v. *Dicks* (1880), 72 Ind. 374. See, also, *Douthit* v. *Douthit* (1892), 133 Ind. 26; *Adams School Tp.* v. *Irwin* (1898), 150 Ind. 12.

Appellee by his cross-complaint has directly attacked the order of acceptance, upon the ground that it was procured by appellants' fraud. *Richcreek* v. *Russell* (1904), 34 Ind. App. 217; *Graham* v. *Loh* (1904), 32 Ind. App. 183; *Asbury* v. *Frisz* (1897), 148 Ind. 513.

Authorities in which collateral attacks have been considered are not in point. Counsel have with force and plausibility contended that the facts herein bring this case within the rule that a judgment will not be set aside upon mere

proof that perjured evidence was given at the trial. *United States* v. *Throckmorton* (1878), 98 U. S. 61, 25 L. Ed. 93. The facts, however, show fraud by the prevailing

4. party in the procuring of the judgment. *Cotterell* v. *Koon* (1898), 151 Ind. 182; *Graham* v. *Loh, supra;* *United States* v. *Throckmorton, supra.*

It has also been argued that the only fraud, upon proof of which the order of acceptance could be set aside, is the fraud of the board of trustees; or, in other words, that a

5. judgment can be set aside for fraud by the court, but not because of fraud upon the court by the prevailing party. This is necessarily not the law. *Adams School Tp.* v. *Irwin, supra.*

It is also suggested that to recognize the right of a property owner to set aside an order of the board, upon such facts as those here exhibited, will result in burdening the dockets of the courts, and be productive of much litigation.

If it is true, as intimated, that the custom of bribing officers and agents in connection with the making of municipal improvements has become this common, it is time that

6. there be sufficient litigation to destroy the custom, and to that end the State can very well afford to keep its courts open. The property owner whose money is taken to pay for such improvements is the innocent and aggrieved party, and may invoke the law in civil proceedings within established rules, and in a proper case may invoke the aid of the grand jury and the criminal courts. §2425 Burns 1908, Acts 1905 p. 584, §519.

Judgment affirmed.