FRIEBE ET AL. v. ELDER ET AL.

[No. 22,640. Filed May 12, 1914.]

1. VENDOR AND PURCHASER.— *Bona Fide Purchaser.— Rights.*— A purchaser of land from one who has been divorced from his wife, cannot be affected by alleged fraud on the part of the vendor in procuring a colorable jurisdiction of the person of his wife in the divorce proceeding, in the absence of a showing that at the time of the purchase the purchaser had knowledge of the fraud. p. 603.

2. DIVORCE.— *Decree.— Collateral Attack.*— A showing that would warrant an inference that there was collusion between a husband and wife in the procurement of a decree of divorce, will not render the decree void on a collateral attack by either party. p. 603.

3. JUDGMENT.— *Collateral Attack.— Void Judgment.*— A judgment void on its face may be assailed collaterally at any time or place, and against any one relying on it as a defense, even an innocent purchaser. p. 603.

4. DIVORCE.— *Judgment Roll.— Recitals.— Service.— Appearance.*— The recital of the judgment roll in a divorce proceeding that defendant failed to appear, and that she was defaulted, is conclusive on the question of her appearance. p. 604.

5. APPEARANCE.—*Process.—Waiver.—Action for Divorce.*—Under §317 Burns 1914, §314 R. S. 1881, providing that an action shall be commenced by the filing of a complaint and issuing summons, and §318 Burns 1914, §315 R. S. 1881, providing that an acknowledgment on the back of the process, or the voluntary appearance of defendant, shall be the equivalent of service, as well as under §1070 Burns 1914, §1035 R. S. 1881, governing the issuance and service of process in divorce suits, there can be no waiver of the issuance of process, and an instrument executed by defendant and filed with the complaint in a divorce proceeding, reciting that such defendant thereby entered appearance to the action and waived the issuance and service of any summons or notice, could neither operate as a waiver of the issuance of summons, nor as an appearance, so as to confer jurisdiction. p. 604.

6. JUDGMENT.—*Validity.—Process.*—Where the record affirmatively shows want of jurisdiction of a party, a judgment against him is absolutely void; but where the record is silent ∽n the subject of the issuance and service of summons the fact that none was issued or served cannot be established in a collateral attack by proof *dehors* the record, and it will be conclusively presumed that jurisdiction of the person was acquired. (*Willman* v. *Willman* [1877], 57 Ind. 500, distinguished.) p. 604.

7. DIVORCE.—*Judgment by Default.—Jurisdiction.—Collateral At-tack.*—Entering a default decree for divorce on the day that the complaint was filed and summons issued and served, although palpable error, did not deprive the court of the jurisdiction acquired by the issuance and service, and affords no ground for collateral attack on the judgment. p. 605.

8. JUDGMENT.— *Vacation.— Fraud.— Evidence.*—While parol evidence is admissible to contradict the judgment roll in a direct attack on the judgment rendered in an action for fraud of the plaintiff therein in procuring a false return of service of process to be made, the mere fact that no notice was served on defendant, and that the sheriff made a false return, will not warrant an impeachment of the return by evidence *dehors* the record. p. 607.

9. JUDGMENT.—*Vacation.—Fraud.*—The fraud that will authorize the vacation of a judgment in an equitable proceeding must be in procuring the exercise of jurisdiction, or other matters extrinsic to the things tried by the first court; fraud of the plaintiff in procuring perjured testimony, or other frauds perpetrated during the progress of the hearing being insufficient for that purpose. p. 609.

10. APPEAL.—*Review.—Affirmance.*—Under §700 Burns 1914, §658 R. S. 1881, prohibiting a reversal where the merits of a cause have been fairly tried and determined in the lower court, a judgment must be affirmed, regardless of intervening errors, where the right result has been reached. p. 609.

From Starke Circuit Court; *Enoch Myers,* Special Judge.

Action commenced by Paulina Friebe against Elmer D. Elder and others, in which Adolph Friebe and others were substituted as parties plaintiff on the death of the original plaintiff. From a judgment for defendants, the plaintiffs appeal. (Transferred from the Appellate Court under subd. 2, §1394 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*Charles Kellison* and *L. M. Lauer,* for appellants.

*Charles Hamilton Peters* and *Glenn D. Peters,* for appellees.

MORRIS, C. J.—This was an action for partition, commenced by Paulina Friebe against appellees, in February, 1908. The plaintiff died testate on August 29, 1909, and appellants, as her devisees, were substituted in the court below, as parties plaintiff. The complaint proceeds on the

theory that said Paulina Friebe was the widow of Henry Friebe, deceased, and, as such, the owner of the undivided one-third of 160 acres of land. The first paragraph is in the ordinary short form containing only the averments rendered necessary by statute, and requires no further consideration because appellants rely on their second paragraph, which alleges that Paulina and Henry Friebe were married in 1857, and lived together as husband and wife until August, 1901; that on October 28, 1901, they were each then, and for 30 years theretofore, had been, *bona fide* residents of Starke County; that on October 28, 1901, the husband filed a divorce complaint against the wife in the Starke Circuit Court; that no summons, notifying Paulina Friebe of the pendency of the proposed action, was ever served or issued; that the husband's attorney filed with the complaint for divorce the following instrument:

"State of Indiana, Starke County, ss: Henry Friebe vs. Paulina Friebe. In the Starke Circuit Court, October Term, 1901. The defendant, Paulina Friebe, hereby enters her appearance to the above entitled cause of action, and waives issuing of summons and the service thereof, or any notice herein. Paulina Friebe. Witnesses: William J. White. Emma G. White."

That the only authority for filing the above instrument was such as may be given or implied from the contents thereof; that Paulina never appeared to the action, in person or by attorney; that the court ordered a default against her, heard evidence and rendered a judgment of divorce against her. A copy of the decree, preceded by a copy of said written instrument, is set out in the complaint, and is alleged to be all of the record of the proceeding as appears from the court records. So much of the decree, as is material here reads as follows:

"And said defendant now failing to appear and plead further is three times audibly called, in open court, comes not but herein wholly makes default. And the cause being now at issue, * * * is submitted to the

court for trial, finding and decree and after hearing all the evidence and being fully advised in the premises the court does find in favor of plaintiff that the allegations of his complaint are true, and that he is entitled to a decree of divorce from the defendant on the ground alleged in his complaint; and also finds that all property rights of the plaintiff and defendant have been amicably settled between them. * * * It is therefore ordered, adjudged and decreed by the court that the bonds of matrimony existing between the plaintiff and the defendant be dissolved and that the plaintiff be granted a divorce from the defendant; that the plaintiff have the care and custody of Carl Friebe, until the further order of this court. * * *"

The complaint further avers that "said divorce proceedings and judgment, as manifestly appears from the face thereof, was and is null and void and of no legal force or effect, and, notwithstanding said judgment and decree, or pretended judgment and decree, this plaintiff continued to be and remain the lawful wife of said Henry Friebe, until the time of his death." It is further averred that Henry Friebe died intestate in Starke County on October 28, 1907, leaving surviving him as his only heirs the alleged widow Paulina and certain named children; that on and prior to October 28, 1901, said Henry Friebe was the owner of the 160 acres of land in controversy; that on August 29, 1907, he executed a warranty deed, for a portion of the land, to appellee, Elmer D. Elder, and, on the same day by like deeds conveyed the remainder of the tract to two daughters of Elder; that in the several deeds, Henry Friebe is designated as "a widower"; that in October, 1907, the daughters of Elder conveyed to him the land described in their said deeds; that he is in possession of the entire tract, and claims to be the sole owner thereof, by virtue, alone, of said deeds; that Paulina Friebe did not join in the Elder conveyances, and never conveyed, nor joined in the conveyance of any portion of the 160-acre tract; that defendant Emma G. White is administratrix of the estate of Henry Friebe, deceased, and as such holds a mortgage on a portion of the tract, executed

by Elmer D. Elder to Henry Friebe to secure a portion of the purchase price of the land, which mortgage, as to Paulina Friebe is void, and ought to be cancelled. The complaint concludes with the following prayer: "Wherefore plaintiff prays that said judgment and decree of divorce be declared to be invalid and void; and that she be adjudged the owner of the undivided one-third of all said real estate, and that her title thereto be quieted against any and all claims of the defendants or either of them; that said real estate be partitioned and that plaintiff's portion be set off to her in severalty, and for all other proper relief."

Appellee Elmer D. Elder, answered in two paragraphs. The first was a general denial, and in the second he averred the rendition of the divorce decree of October 28, 1901, sets out a copy thereof and avers that it is in full force and effect; he further avers that Paulina Friebe had full knowledge of the provisions of the decree, when rendered, and subsequently, until after the death of Henry, held herself out to the world as a divorced woman; that before the deeds were executed by Henry, and while negotiations were pending for the purchase, she had full knowledge of the negotiations, and made no objection; that a few days before the decree of divorce was entered Paulina and Henry Friebe, in contemplation of a separation, entered into a contract, by the terms of which Paulina relinquished all her right, title and interest in Henry's estate in consideration of the execution to her by Henry, of nineteen notes maturing respectively from one to nineteen years after date, and secured by a mortgage on the land, which notes and mortgage were executed by Henry and accepted by Paulina; that the notes were for an aggregate amount exceeding one-third of the value of Henry's estate, real and personal; that before the conveyances by Henry, he paid Paulina, the notes maturing up to that time, and, when the conveyance was made to Elder he assumed, with Paulina's consent as a part of the purchase price of the land, the payment of the remaining

mortgage notes; that after the death of Henry, appellee Elder paid to Paulina one of the notes then maturing, and received from her the note so paid.

The third paragraph of answer of Emma G. White as administratrix, avers, among other things the execution of a written contract between Henry and Paulina Friebe, on October 10, 1901, entered into in contemplation of a separation, and by the terms of which Mrs. Friebe relinquished all inchoate interest in her husband's estate; that under the provisions of the contract Mrs. Friebe received cash and securities of greater value than the one-third of all Henry's estate, real and personal, and that the contract was fair and equitable in its terms. The decree of divorce was also pleaded as a defense.

Appellants demurred to the second paragraph of answer of Elmer D. Elder and to the third paragraph of answer of Emma G. White administratrix. Each demurrer was overruled, and these rulings are here assigned as error. A reply was filed to the two paragraphs, and the cause was tried by the court with a special finding of facts, and conclusions of law, in favor of appellees. A motion for a new trial was overruled. Errors are also assigned here in the conclusions of law and in overruling the motion for a new trial. In their brief, counsel for appellants say that appellees, in the court below, defended the action on the theory that Paulina Friebe had been divorced, and, if not divorced, that she was estopped by her conduct from asserting the contrary. It is evident, however, that appellees further relied on the defense that the widow was bound by the terms of the separation contract executed before the rendition of the divorce decree. It is earnestly contended that the court erred in overruling the demurrers to the answers. As any answer is good enough for a bad complaint, it becomes proper to determine whether the second paragraph of complaint states a cause of action.

The manifest theory of the second paragraph of complaint

is that the divorce judgment was absolutely void for lack of jurisdiction of the person of Mrs. Friebe, and consequently was subject to attack in a collateral proceeding. The action is against a purchaser for value, and there is no allegation of guilty knowledge on his part of any fraud perpetrated on Mrs. Friebe, or that, before the purchase he had any knowledge of any defect in the divorce proceeding, other than what the record disclosed. Even in an equitable proceeding to vacate a judgment for fraud of the plaintiff in procuring a colorable jurisdiction of the person of the defendant, a purchaser for value cannot be affected in the absence of allegations showing at least that the purchaser in buying had knowledge of the fraud charged against the plaintiff in the former action. §7482 Burns 1914, §4923 R. S. 1881; *Jones* v. *Crowell* (1896), 143 Ind. 218, 42 N. E. 612; *Hollinger* v. *Reeme* (1894), 138 Ind. 363, 36 N. E. 1114, 46 Am. St. 402, 24 L. R. A. 46; *Rinehart* v. *Reifers* (1902), 158 Ind. 675, 64 N. E. 459; 2 Freeman, Judgments (4th ed.) §509; VanFleet, Collat. Attack, §§3, 7.

2. Here, however, no fraud whatever is charged against Henry Friebe. The complaint might possibly warrant an inference that there was collusion between the husband and wife in the procurement of the decree, but if such inference were permissible it would not result in rendering the decree void, on a collateral attack by either party. *Cook* v. *Claybaugh* (1892), 130 Ind. 133, 29 N. E. 483; VanFleet, Collat. Attack §533.

3. In our opinion, the complaint must necessarily be deemed as proceeding on the theory that the judgment was absolutely void, because, as alleged, it shows on its face that it was rendered without jurisdiction of the defendant. If it is void, on its face, it may of course, be assailed collaterally at any time or place, and against any one relying on it as a defense—even an innocent purchaser. VanFleet, Collat. Attack §16. Appellants claim that Paulina Friebe never appeared to the complaint, be-

cause the paper signed by her, and purporting thereby to enter an appearance, can discharge no such office. We agree with appellants' counsel on this proposition. An appearance cannot be effected in such manner. *McCormack* v. *First Nat. Bank* (1876), 53 Ind. 466; *Pressley* v. *Lamb* (1885), 105 Ind. 171, 4 N. E. 682. But, for another reason, it must be held that there was no appearance. The

4. judgment roll recites that she failed to appear, and this recital is conclusive. It further recites that she was defaulted. Did the court have jurisdiction over the person to make such order? Manifestly it would have had such power if summons had been issued and served. Could the defendant lawfully waive the issuance and service of process, and if so, did the instrument signed by Mrs. Friebe, and filed, perform such office? Our civil code provides that an action shall be commenced, by filing a complaint and issuing summons. §317 Burns 1914, §314 R. S. 1881. It further provides that an acknowledgment on the back of the process, or the voluntary appearance of the de-

5. fendant, shall be the equivalent of service. §318 Burns 1914, §315 R. S. 1881. The provisions governing the issuance and service of process in divorce suits are found in §1070 Burns 1914, §1035 R. S. 1881. The statute contains no provision for the waiving of the issuance of process, and we hold that the instrument in question cannot be held to confer jurisdiction in the absence of an appearance, or the issuance and service of process. *Willman* v. *Willman* (1877), 57 Ind. 500; *McCormack* v. *First Nat. Bank, supra.*

Does the record show on its face that no summons was issued for Mrs. Friebe? If so, the court was without jurisdiction, for she had not appeared and the pretended

6. waiver was without effect. All authorities agree that where the record affirmativly shows want of jurisdiction of a party a judgment against him is absolutely void. The complaint here alleges that it contains a copy of all the

record in the divorce case. The copy is silent on the subject of the issuance and service of summons. One may have been issued and served, for aught that appears on the face of the record. It is true that if there was such issuance and service, it was on the day the complaint was filed and decree rendered, which made the entry of the default before return day a palpable error; yet such error would not deprive the court of jurisdiction acquired by the issuance and service, and open the judgment to collateral attack. *Essig* v. *Lower* (1889), 120 Ind. 239, 245, 21 N. E. 1090. It is also true that the presiding judge may have been of the opinion that the pretended waiver, signed by the defendant, conferred jurisdiction on the court. If so, the record fails to state such fact. The same paper also purported to effect an appearance. The record discloses that there was no appearance. While an inspection of the entire record of the divorce case might cause one to doubt whether any process was issued, we are of the opinion that it cannot be justly held that such record shows affirmatively on its face that no process issued, and therefore it must be deemed as silent on such subject. It will be noted that the record does not disclose that the court examined the pretended waiver, or made any finding as to its execution, or considered it in any way. The complaint alleges that in reality no process issued. Is it competent, in a collateral attack, to establish such fact by proof *dehors* the record? The answer to this question determines that of the sufficiency of the complaint.

In *Pressley* v. *Harrison* (1885), 102 Ind. 14, 1 N. E. 188, it was said: "When the record of a court of general jurisdiction is silent on the subject of the service of process, the presumption will be indulged that jurisdiction of the person was acquired, as against a collateral attack." In *Littleton* v. *Smith* (1889), 119 Ind. 230, 21 N. E. 886, in a collateral attack by injunction on the theory that the presiding judge was disqualified to act, it was said: "After judg-

ment has been rendered, unless the record affirmatively discloses the want of authority of the presiding judge, his appointment cannot be successfully assailed." In *Sinclair* v. *Gunzenhauser* (1913), 179 Ind. 78, 112, 98 N. E. 37, 100 N. E. 376, it was held: "Jurisdiction of the person will be presumed in case of domestic judgments of courts of general jurisdiction, when the record shows nothing to the contrary." Great numbers of Indiana authorities are cited in support of the proposition. The presumption is conclusive. In *Harmon* v. *Moore* (1887), 112 Ind. 221, 228, 13 N. E. 718, it was said of a judgment on collateral attack that "its invalidity can not be shown in a collateral attack by bringing forward matter extraneous to the record itself." "All the cases agree that a record of a domestic court of general jurisdiction cannot be overturned in another action by matters *dehors* the record." VanFleet, Collat. Attack §4. But "it is a matter of no consequence whether the jurisdiction of the court affirmatively appears upon the judgment roll or not; for if it does not, it will be conclusively presumed." 1 Freeman, Judgments (4th ed.) §132. In *Burke* v. *Interstate Sav., etc., Assn.* (1901), 25 Mont. 315, 64 Pac. 879, 87 Am. St. 416, it was said: "A void judgment is that which is a judgment in name or form only. Unless void on its face, or upon the inspection of the judgment roll, a judgment cannot be successfully attacked collaterally." In *Gulickson* v. *Bodkin* (1899), 78 Minn. 33, 80 N. W. 783, 79 Am. St. 352, it was said: "It has been repeatedly held by this court, that, when the validity of a domestic judgment is sought to be attacked collaterally on the ground of want of jurisdiction, the jurisdiction is to be conclusively presumed, unless the contrary affirmatively appears on the face of the record itself; that this presumption obtains when the record is silent upon the jurisdictional fact, as well as where it affirmatively states or recites it."

It appears that appellants construe the opinion in *Willman* v. *Willman* (1877), 57 Ind. 500, as holding that failure

to issue and serve process may be shown by evidence *dehors* the record. The opinion does not bear such construction. It recites on page 502 that: *"on proof of the execution of said writing"* (waiver) a default was entered. It is evident that this court in the Willman case construed the divorce judgment record as affirmatively showing that the trial court relied on the written instrument, on proof of its execution, as conferring jurisdiction over the person of the defendant. So considered that opinion in no wise conflicts with the rule here announced, and which obtains not only in Indiana, but in the great majority of other jurisdictions. In the monographic note to *Morrill* v. *Morrill* (1890), 23 Am. St. 95, 114, it is said: "If the judgment is one pronounced by a court of record, its jurisdiction will be presumed, and if it is also a court of the state in which the judgment is offered in evidence, the presumption is, in most states, indisputable in a collateral action."

Appellants cite *Cavanaugh* v. *Smith* (1882), 84 Ind. 380, which held a complaint sufficient which directly attacked a divorce judgment for fraud of the plaintiff in procuring the sheriff to make a false return of service of process. In such cases, parol evidence is admissible to contradict the judgment roll, but this is so because the plaintiff, in procuring the false return, vitiates the return, and the attack is direct, not collateral. To the same effect see *Earle* v. *Earle* (1883), 91 Ind. 27; and *Nicholson* v. *Nicholson* (1888), 113 Ind. 131, 15 N. E. 223. The mere facts however that no notice was served on the defendant, and that the sheriff made a false return, will not warrant the impeachment of the return by evidence, *dehors* the record; it must be alleged further that the plaintiff participated in a fraud which resulted, apparently, in conferring jurisdiction over the person of the complainant. *Miedreich* v. *Lauenstein* (1909), 172 Ind. 140, 86 N. E. 963, 87 N. E. 1029; *Graham* v. *Loh* (1904), 32 Ind. App. 183, 69 N. E. 474. And even the fraud of plaintiff in procuring

perjured testimony, or other frauds perpetrated during the progress of the hearing, afford no basis for vacating a judgment in an equitable proceeding. The fraud must be in procuring the exercise of jurisdiction, or other matter extrinsic to the things tried by the first court. *Walker* v. *State, ex rel.* (1909), 43 Ind. App. 605, 86 N. E. 502, and cases cited; *Tereba* v. *Standard Cabinet Mfg. Co.* (1909), 32 Ind. App. 9, 68 N. E. 1033; *United States* v. *Throckmorton* (1878), 98 U. S. 61, 25 L. Ed. 93. The rules we have considered may seem harsh. In *Miedreich* v. *Lauenstein, supra,* the complaint alleged that the foreclosure judgment sought to be vacated had been rendered against her in Vanderburgh County when she was only twelve years of age; that she was not, at the time, a resident of said county, and had no knowledge of the pendency of any proceeding against her, and no process was ever served on her, but that the sheriff had made a false return showing service. On discovering the existence of the judgment, she immediately filed the suit to vacate the judgment. It was held by this court that no cause of action was stated, because of the failure to aver that the plaintiff, in the original action, was a party to the fraud in procuring the false return. The cause was appealed to the Supreme Court of the United States where the judgment was affirmed. *Miedreich* v. *Lauenstein* (1914), 232 U. S. 236, 34 Sup. Ct. 309, 58 L. Ed. 584. In the opinion, delivered by Mr. Justice Day, the hardship of the rule as applied to that case was considered at length, the discussion ending with the following paragraph: "Were the law otherwise, titles might be attacked many years after they were acquired, where the party had been guilty of no fraud and had acted upon the faith of judicial proceedings apparently perfect in every respect." See, also, Van Fleet, Collat. Attack §1.

As the second paragraph of complaint was grounded on the theory that the divorce decree was absolutely void, it must be held that it stated no cause of action, and conse-

quently there was no reversible error in overruling the demurrers to the answers.

We are urged by appellants to consider alleged errors of the court in its conclusions of law on the facts found in relation to the separation contract and the question of estoppel. It is also urged that the evidence does not support the findings. It appears that appellants offered in evidence the entire record relating to the divorce proceedings, and on such record, for reasons already stated, this court must conclusively presume that the circuit court had jurisdiction of the person of Mrs. Friebe, and consequently the divorce decree was not absolutely void. It must be conceded that unless the divorce decree was void, the foundation of appellants' cause of action crumbles. Section 700 Burns 1914, §658 R. S. 1881, prohibits this court 10. from reversing a judgment "where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below." The trial court reached the right result, regardless of alleged intervening errors, and consequently it is unnecessary to consider such matters. There was no reversible error. Judgment affirmed.

NOTE.—Reported in 105 N. E. 151. As to the question of jurisdiction of the court rendering judgment sought to be avoided, see 29 Am. St. 78. See, also, under (1) 39 Cyc. 1687, 1692, 1708; (2, 7) 14 Cyc. 723; (3) 23 Cyc. 1070, 1073; (4) 14 Cyc. 660; (5) 14 Cyc. 724; (6) 23 Cyc. 1085, 1089; (8) 23 Cyc. 959, 1048; (9) 23 Cyc. 1024, 1027; (10) 3 Cyc. 420.