BAKER, Appellant v. BARTLETT, et al. (SINCLAIR, Intervenor), Respondent.

[Submitted July 1, 1896. Decided July 18, 1896.]

Mortgages—*Record—Notice—Sufficiency of Description.*—A recorded mortgage describing the premises as lot 16 in block 67 is not notice that the parties intended it to be a mortgage on lot 16 in block 57.

Same—*Lis Pendens—Unrecorded Conveyance—Subsequent Purchaser.*—The plaintiff in an action to reform a mortgage so as to describe the property intended to be mortgaged and to foreclose the same is not a "purchaser," nor is a notice of *lis pendens* filed at the time of the commencement of the action a "conveyance" within section 260, Fifth Division of the Compiled Statutes, providing that every unrecorded conveyance of real estate shall be deemed void as against "any subsequent purchaser in good faith for a valuable consideration of the same real estate when his own conveyance shall be first duly recorded," so as to defeat a conveyance made by the mortgagor subsequent to the mortgage to a purchaser in good faith for a valuable consideration, without actual notice of the mortgage, whose deed was delivered prior to, but not recorded until after, the record of the notice of *lis pendens*.

*Appeal from Third Judicial District, Deer Lodge County.*

Action for reformation and foreclosure of mortgage. Judgment was rendered for the intervenor by Brantley, J. Affirmed.

Statement of the case by the justice delivering the opinion.

The plaintiff in this case appeals from a judgment rendered in favor of the intervenor, L. H. Sinclair. The plaintiff, Hannah Baker, commenced the action to foreclose a mortgage against J. H. Bartlett and wife. The Bartletts defaulted. Sinclair filed a complaint in intervention. The case was tried as between the plaintiff and the intervenor. We will not recite the pleadings for the reason that a statement of the findings of the court will fully present the question of law decided. Epitomized, they are as follows :

J. H. Bartlett, on October 19, 1892, owned lot number 16, block 57, in the city of Anaconda. He borrowed from Thomas Leonard $1,500, for which he gave his note for one year, and also gave a mortgage to secure the note. The intention was to mortgage lot 16, block 57, but by mistake

the scrivener wrote "block 67" in the description. Leonard assigned the note and mortgage to this plaintiff Baker. She commenced this action to foreclose the mortgage; also in the same complaint asking for reformation of the description to conform to the intent of the parties. On August 15, 1893, the intervenor Sinclair bought lot 16, block 57, from the mortgagors, paying therefor $3,500, which was a fair price. He procured one Sawyer to examine the records of the county for incumbrances upon lot 16, block 57. Sawyer reported that there were none. Not until Sinclair had paid the full purchase price, and indeed, not until after this action to foreclose was commenced, did he have actual notice of the mortgage in favor of plaintiff. The debt was due in one year, viz: October 19th, 1893. The action to foreclose was commenced on December 8th, 1893. A notice of *lis pendens* was filed on December 11th. The deed from Bartlett and wife to Sinclair was recorded December 21st. These were the facts as found by the court. The court found the law to be that the interest of plaintiff under the mortgage and *lis pendens* was inferior to the interest of the intervenor, defendant Sinclair; that plaintiff is not entitled to a reformation of the mortgage and foreclosure of the same on lot 16, block 57, as against Sinclair, and that the intervenor Sinclair is entitled to have the complaint as against him dismissed. Judgment was accordingly entered for the intervenor. Plaintiff appeals.

*John T. Baker*, for Appellant.

*A. J. Craven* and *Ed. Scharnikow*, for Respondents.

DE WITT, J.—Two questions are presented by this appeal. First: The plaintiff contends that the intervenor was guilty of negligence in not further examining the records for incumbrances. There is nothing meritorious in this contention, for no matter what examination had been made of the records no incumbrance would have been found upon lot 16, block 57, which was the property owned by the mortgagors. The fact that they had given the mortgage on lot 16, block 67,

was not notice that they intended it to be a mortgage on lot 16, block 57. (*Goodrich Lumber Co.* v. *Davie*, 13 Mont. 76.)

The other question is the one which engaged the serious attention of the district court. The intervenor Sinclair bought in absolute good faith, for an adequate and valuable consideration, and without actual notice of the mortgage. Therefore, the question remains : Did the purchaser, the intervenor, have constructive notice under the law? Plaintiff's action to reform and foreclose the mortgage on lot 16, block 57, was commenced and notice of *lis pendens* was filed before Sinclair recorded his deed. Therefore, does the commencement of this action affecting real estate and the filing of a notice of *lis pendens* take precedence of a deed executed prior to the filing of the notice of *lis pendens* but recorded subsequent thereto? Under our law, the commencement of an action is not notice to persons who may deal with the subject of the action, but the filing of a notice of *lis pendens* is such notice. Our statute at the time of the transactions involved in this action was as follows :

"In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may record in the office of the recorder of the county in which the property is situated, a notice of the pendency of the action, containing the names of the parties and the object of the action or defense, and a description of the property in that county affected thereby. From the time of filing such notice for record only shall a purchaser or incumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action, and only of its pendency against parties designated by their real name." (Sec. 70, Code Civil Procedure 1887.)

Our statute as to the conveyance of realty, Fifth Division Compiled Statutes 1887, provided as to the recording thereof as follows :

"Section 259. Every such conveyance and instrument in writing, acknowledged or proved and certified and recorded in the manner prescribed in this chapter, from the time of filing the same with the recorder for record, shall impart notice to all persons of the contents thereof, and subsequent purchasers and mortgagees shall be deemed to purchase and take with notice.

"Section 260. Every conveyance of real estate within this state hereafter made, which shall not be recorded as provided for in this chapter, shall be deemed void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any portion thereof, where his own conveyance shall be first duly recorded."

There is no question of the good faith of Sinclair involved in this case. That was settled in his favor by the findings of the court, which are not now attacked. He bought with no actual notice. Furthermore, he is not bound by any constructive notice by reason of the record of the mortgage, for the reason, as above noted, that the mortgage did not describe the premises, which are now the subject of this action. The only question left is whether the notice of *lis pendens* is such a notice under the recording laws that the claims of the plaintiff set up in the complaint shall take precedence of Sinclair's deed. The filing of the notice of *lis pendens* is a statutory matter, and the decision of this case depends upon a construction of our statutes, above quoted. The decisions under different statutes are not in point. Looking to section 260, above quoted, and reviewing its terms *seriatim*, and applying them to the facts in the case at bar, we observe that the deed of Bartlett to Sinclair is, in the language of section 360, "a conveyance of real estate within the state." It was, following the language of the section further, "not recorded as provided for in this chapter." It is therefore, using the section's language again, to "be deemed void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate or any portion thereof, where his own conveyance shall be first duly recorded." Here we meet the first

question for consideration. Was the plaintiff in filing her notice of *lis pendens* a subsequent purchaser? We construed these words in *Middle Creek Ditch Co.* v. *Henry*, 15 Mont. 558, in which decision we said :

"We are of opinion that the word "purchaser," as used in section 260 is not employed in the broad sense as indicating all acquisitions of title other than by descent. We think that the word as here used means simply a buyer in the popular sense of that term. The whole spirit of the recording laws indicates this. We think the section means a buyer of the same property from the same grantor in good faith, and for a valuable consideration, and such a buyer as records his conveyance prior to any record of conveyance to the first buyer." (Page 575.) Therefore, we are of opinion that the plaintiff in this case, when she filed her notice of *lis pendens*, was not in any sense a "buyer" of lot 16, block 57. She was simply seeking to fix a lien upon it and enforce that lien.

Proceeding to the further language of section 360, the section applies to a person "where his own conveyance shall be first duly recorded." Therefore, applying this statute to the facts in the case at bar, we must, to sustain appellant's contention, call a notice of *lis pendens* a conveyance, and must find that it was recorded before the deed to Sinclair. It is true that the notice was recorded before the deed; but it is also true that a notice of *lis pendens* is not a conveyance any more than was the person filing it a purchaser. The case of *Warnock* v. *Harlow*, 96 Cal. 294, is wholly in accord with the view which we have expressed. In that case the court said :

"Nor could the filing of the *lis pendens*, as contended by counsel, operate as a prior recording of a subsequent conveyance, so as to make the deed executed by the clerk to Brison relate back to the commencement of the action, as against the deed to Harlow, which was executed before the suit was begun, and recorded before the deed made by the clerk to Brison was executed; for Brison was not a subsequent purchaser within the meaning of the statute. If he acquired title either under the decree or deed, it must have been upon other

grounds. Nor was the *lis pendens* such an 'instrument' as the statute contemplates. The word 'conveyance' as used in sections 1213 and 1214, of the Civil Code, is defined by section 1215, and the word 'instrument' as used in the recording acts, was construed in *Hoag* v. *Howard*, 55 Cal. 564, where it was held to mean 'some written paper or instrument signed and delivered by one person to another, transferring the title to or creating a lien on property, or giving a right to a debt or duty,' and that it did not include a writ of attachment.''

In Jones on Real Property and Conveyancing, Vol. II, a work published this year, the following remarks are made as to notice of *lis pendens,* in section 1559 :

''The doctrine of *lis pendens,* however is not carried to the extent of making it constructive notice of a prior unregistered deed; as, for instance, proceedings to foreclose an unrecorded mortgage do not constitute such a *lis pendens* as would be notice to a purchaser of the mortgaged property.''

A rule thus applied to an unrecorded mortgage would equally apply to a mortgage which does not describe the land intended, and which therefore was not notice to a purchaser. Upon the same subject we find the same author remarking as follows :

''*Lis pendens* is a harsh rule in all cases, and especially so under our statute, which does not require a filing or recording in the office of the register of deeds, and a court will not extend its provisions beyond that absolutely required by the strict necessities of the case. It has never been applied, so far as our investigation goes, except where property, generally real estate, has been in actual litigation and the pleadings disclose the identical property which is the subject thereof.'' (*Seibel* v. *Bath*, Cal., 40 Pac. 756.) ''Only those persons are charged with notice, or are affected by a *lis pendens,* who pending the suit purchase from a party to the suit, or derive title from one so purchasing.''

We also quote the following from Wade on Notice, section 360 :

"This doctrine, being originally invoked by courts of equity, rather as a measure of necessity, to prevent a failure of justice, than on account of its consistency with abstract justice, and being employed to restrain mere strangers from coming in *pendente lite*, by acquiring an interest in the subject of litigation, the courts have uniformly refused to extend its provisions to others who were not *purchasers* in the strict sense of the term. It will, therefore, not affect either mortgagees, whose securities, are prior to the suit, or to the holders of antecedently acquired interests in the property."

Among many authorities in point the respondent refers us to the following: *Hammond* v. *Paxton*, 58 Mich. 393; *Parks* v. *Jackson*, 11 Wend. 442; Freeman on Judgments, §§ 191 to 201 and cases; Wade on Notices, 337 *et seq.*; *Jackson* v. *Dickinson*, 15 Johns 309; *Parker* v. *Conner*, (note) 45 Am. Rep. 187; *McIlwrath* v. *Hollander*, (note) 39 Am. Rep. 486. In the two cases last referred to. in the Am. Rep., there are very complete and satisfactory notes upon this subject.

The result of our inquiry is that we are of opinion that the conclusions of law by the district court are fully sustained by the findings of fact and the admissions of the pleadings. The evidence is not brought up and no question is made as to the findings being sustained by the evidence.

Judgment is therefore sustained.

*Affirmed.*

HUNT, J. concurs. PEMBERTON, C. J. not sitting.