ELY ET AL., RESPONDENTS, *v.* HOIDA ET AL., DEFENDANTS, AND BATEMAN, APPELLANT, *v.* HOIDA ET AL., RESPONDENTS.

(No. 5,450.)

(Submitted May 19, 1924. Decided May 29, 1924.)

[226 Pac. 525.]

*Mortgages — Real Property — Record — Faulty Description of Land—Notice—Insufficiency.*

Real Estate—Mortgages—Description of Property—Degree of Accuracy Required.
1. In order to give a mortgagee priority as against a subsequent purchaser or mortgagee, the mortgage must describe the land covered by it with sufficient accuracy to enable one examining the record to identify the land.

Same—Faulty Description of Land—When Record not Constructive Notice to Subsequent Mortgagee.
2. Where the record of a mortgage describes a certain and definite tract of land, it is not constructive notice as to other land which it was intended to but did not describe; hence a mortgage which purported to cover nonexistent lots 17 and 18 in block 1 of a given addi-

[70 Mont. 542.]

tion was not notice that the mortgagors intended it to be a mortgage upon an unplatted piece of ground located entirely outside of that addition, and the holding of the court that the record of the mortgage on the lots was constructive notice of the encumbrance on the plot of ground outside the addition, to one who thereafter took a mortgage thereon from the same mortgagors, and that his mortgage was inferior to the first, was error.

*Appeal from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

Two ACTIONS, one by Antone Ely and others against Anthony J. Hoida and others, the other by Jennie Bateman against Anthony J. Hoida and others, tried together. From the judgment rendered, Jennie Bateman alone appeals. Modified, and as modified affirmed.

*Mr. W. N. Waugh* and *Mr. Harlow Pease,* for Appellant, submitted a brief; *Mr. Pease* argued the cause orally.

*Messrs. Frank & Gaines,* for Respondents, submitted a brief; *Mr. R. F. Gaines* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

On June 18, 1910, Anthony J. Hoida and Adeline Hoida made, executed and delivered to Antonio Ely, as administrator of the estates of Frank Ely and Annie Ely, deceased, their promissory note for the sum of $2,000, payable one year after date, with interest at seven per cent per annum, and, to secure payment thereof at the same time executed and delivered to said Ely a mortgage covering real estate described therein as lots 17 and 18 in block 1 of the Lennox addition to the city of Butte, which mortgage was duly recorded on July 5, 1910, in Volume 33 of Mortgages, page 225, in the office of the clerk and recorder of Silver Bow county. This mortgage will be hereafter referred to as the Ely mortgage.

On January 7, 1911, by a decree of distribution entered in the estates of Frank and Annie Ely, the above note and mortgage were set over and transferred to Annie, Mary, Lewis,

Francis and Antone Ely, minor children and heirs at law of said decedents, and the same passed to their then guardian, Antonio Ely. Thereafter, prior to February 8, 1917, Mary, Annie and Lewis attained their majority, and Annie sold her interest in this note and mortgage to the other heirs. On or about the eighth day of February, 1917, Thomas J. Fenlon was appointed guardian of the estates of Antone and Francis in place of Antonio Ely.

About February, 1917, Antone and Francis Ely, by their guardian, Thomas J. Fenlon, and Mary and Lewis Ely, commenced an action designated A8682 in the district court of Silver Bow county against Anthony J. Hoida and Adeline Hoida *et al.*, to foreclose the Ely mortgage, alleging that the indebtedness secured thereby had not been paid. The defendants Anthony J. and Adeline Hoida filed an answer in said action which, in effect, admitted the allegations of the complaint as to the cause of action and ownership of the note and mortgage, and pleaded a payment of the note. The pleadings of the other defendants in that action are not material to a consideration of this appeal.

On February 1, 1911, said Anthony J. and Adeline Hoida made, executed and delivered to Jennie Bateman their promissory note for $3,000, due one year after date, bearing interest at eight per cent per annum and, to secure its payment, at the same time executed and delivered to said Bateman a mortgage covering certain real estate, described therein by metes and bounds, which mortgage was thereafter, on February 21, 1911, duly recorded in Book 12 of Mortgages at page 425, in the office of the clerk and recorder of Silver Bow county, and will be referred to as the Bateman mortgage.

On May 4, 1917, and subsequent to the commencement of the action designated as A8682, Jennie Bateman commenced an action in the district court of Silver Bow county, designated as cause No. A8909, against Anthony J. and Adeline Hoida, to foreclose the above-mentioned mortgage, joining as defendants

therein the plaintiffs named in cause No. A8682, as to whom her complaint alleges that they "have or claim to have some interest or claim upon the said premises or some part thereof as purchasers or mortgagees thereof, which interest or claims are subsequent to and subject to the lien of plaintiff's mortgage." To this complaint the defendants Hoida filed an answer containing a general denial. The defendants who were plaintiffs in case No. 8682 filed an answer, which, after formal admissions and denials not material here, as an affirmative defense and as a showing of their interest in the premises claimed to be covered by the Bateman mortgage, set forth the facts with reference to the execution of the Ely mortgage as contained in the complaint in case No. A8682, and upon information and belief alleged "that the property mentioned and described in plaintiff's complaint is the same or a portion of the same property as that mentioned and described" in the Ely mortgage, and "that at the time of the making, execution, and delivery of the mortgage referred to in plaintiff's complaint [she] was neither a *bona fide* purchaser nor encumbrancer in good faith and for value and without notice, but expressly allege the fact to be that plaintiff took said note and mortgage with notice of the prior lien of said Annie Ely, Mary Ely, Frank Ely, Lewis Ely, and Frances Ely upon and against the property mentioned and described therein."

The allegations of the affirmative defense contained in this answer were put in issue by a reply, which further alleged that the indebtedness secured by the Ely mortgage had been paid.

By stipulation of counsel for all the parties the two causes, Nos. A8682 and A8909, were consolidated and tried to the court without a jury. After hearing the testimony the court made findings of fact and conclusions of law and entered a decree of foreclosure of both the Ely and Bateman mortgages, and adjudged that the lien of the Bateman mortgage was subject and inferior to the lien of the Ely mortgage. From this

judgment Jennie Bateman, the plaintiff in case No. A8909, alone has appealed.

Counsel for respondents contend that appellant has in this court adopted a theory wholly different from that advanced in the lower court, and is thereby precluded from urging the points now made against the validity of the court's decree. The bill of exceptions does not purport to contain all the evidence introduced at the trial, but the recitals therein, together with the court's findings, seem to indicate that the matters relied upon by appellant on this appeal were presented to and considered by the court, and we therefore proceed to an examination of the cause upon the merits.

The principal question presented for consideration is whether the court erred in holding that the lien of the Bateman mortgage was subordinate and inferior to the lien of the Ely mortgage.

Upon the trial of the action in the district court a plat of the Lenox addition to the city of Butte was introduced in evidence, and the same has been certified to this court as an original exhibit. From this plat it is made to appear that the Lenox addition embraces a portion of the Summit Valley placer, M. E. 3125; that it contains six blocks, numbered 1 to 6, consecutively, beginning on the west; that the lots in block 1 facing the west are numbered from 1 to 14, inclusive, beginning on the north, while the lots of this block facing east are numbered 26 to 39, inclusive, beginning on the south; so that this block does not contain any lots numbered 17 and 18. Blocks 3 and 4 of the addition each contain lots which are numbered 17 and 18. Immediately south of and adjoining block 1, but wholly outside the Lenox addition, an area is shown upon the plat in which the land covered by the metes and bounds description of the Bateman mortgage is located.

It is not questioned but that full consideration was given for the Bateman mortgage, and there is no evidence in the record which shows or tends to show that Bateman had any actual

[70 Mont. 542.]

knowledge or notice of the Ely mortgage at the time she took her mortgage, so that, if her security was at all affected by the Ely mortgage, it was because the record thereof imparted constructivee notice to her.  By section 6934, Revised Codes of 1921, it is provided: "Every conveyance of real property acknowledged or proved, and certified and recorded as prescribed by law, from the time it is filed with the county clerk for record, is constructive notice of the contents thereof to subsequent purchasers and mortgagees."

As heretofore pointed out, there were no lots numbered 17 and 18 in block 1, Lenox addition, to which the lien of the Ely mortgage could attach, and the land covered by the Bateman mortgage lies entirely outside the Lenox addition.

The contention of counsel representing claimants under the Ely mortgage is that by projecting block 1 of the Lenox addition to the south, platting the additional area into lots of the same dimensions as the other lots of this block, and numbering them successively 15, 16, 17 and 18, southerly from lot 14, it would be found that lots 17 and 18 as so located and designated would embrace the land included in the Bateman mortgage; that, the Ely mortgage having been recorded prior to the date that Jennie Bateman took her mortgage, she was bound to take notice of the fact that it described nonexistent property, and, since she was accepting security from the same mortgagors mentioned in the Ely mortgage, it was her duty to cast about and determine by the process above indicated that the Ely mortgage was intended to cover the same land as that upon which she was about to take security.

When Bateman took her mortgage, if she desired to protect herself against prior recorded conveyances or mortgages of the property embraced therein, it was, of course, her duty to examine the records.  If she did so and discovered that the Ely mortgage covered lots 17 and 18 in block 1, Lenox addition, even though she actually read this instrument she was under no obligation to pursue her inquiry further.  There is nothing

upon the face of the Ely mortgage to indicate that there was any mistake or imperfection therein. It contains as plain, simple and unambiguous a description as can be imagined, and one reading it would have a right to assume that it was correct, and would have no duty imposed upon him to go beyond the record for the purpose of ascertaining that the parties intended to cover land located entirely outside the Lenox addition. It contains nothing to indicate that it was a link in the chain of the title to the property upon which Bateman intended to take security. Indeed, the Ely mortgage upon its face excludes the land covered thereby from the chain of title of the land embraced in the Bateman mortgage; the one assumes to describe land located in the Lenox addition, the other describes land located without the same.

In cases of this kind the rule is that, in order to give priority [1, 2] as against a subsequent purchaser or mortgagee, the instrument must describe the land with sufficient accuracy to enable one examining the record to identify the land. (Tiffany on Real Property, 1082.) No general rule can be laid down as to what constitutes "sufficient accuracy," since each case depends upon different facts, but it is held that, when the record of the instrument appears by its description to relate to a certain and definite tract of land, it is not constructive notice as to other land which it was intended to, but did not, describe. Such was the express holding of this court in *Baker* v. *Bartlett,* 18 Mont. 446, 56 Am. St. Rep. 594, 45 Pac. 1084, in which the facts were that the mortgagors owned lot 16 in block 57, but in the mortgage by mutual mistake it was described as lot 16 in block 67. Subsequent to the recordation of the mortgage the mortgagors conveyed lot 16 in block 57 to an innocent purchaser for value, and it was held that the record of the mortgage was not constructive notice to the purchaser. It was contended that the purchaser was negligent in not examining the record for encumbrances. This contention was held to be without merit, the court saying: "The fact

that they [mortgagors] had given the mortgage on lot 16, block 67, was not notice that they intended it to be a mortgage on lot 16, block 57.'' In this case we could say with equal accuracy that the fact that the Hoidas had given a mortgage upon lots 17 and 18 in block 1, Lenox addition, even though such lots were nonexistent, was not notice that they intended it to be a mortgage upon an unplatted piece of ground located entirely outside the Lenox addition.

In *Halloway* v. *Planter*, 20 Iowa, 121, 89 Am. Dec. 517, the land conveyed was described as being in range 44, when in fact it was located in range 43, and it was held that a subsequent *bona fide* purchaser obtained the superior title, and that the conveyance describing the land as being in range 44 was not constructive notice of a conveyance of land located in range 43, and was not sufficient to put the subsequent purchaser on inquiry. To the same effect are the cases of *American Investment Co.* v. *Coulter*, 8 Kan. App. 841, 61 Pac. 820, and *Davis* v. *Ward*, 109 Cal. 186, 50 Am. St. Rep. 29, 41 Pac. 1010. Other applications of the same rule will be found in *Thorpe* v. *Helmer*, 275 Ill. 86, 113 N. E. 954; *Savidge* v. *Seager*, 175 Mich. 47, 140 N. W. 951; *Ada Bank* v. *Gullikson*, 64 Minn. 91, 66 N. W. 131; *Sanger* v. *Craigue*, 10 Vt. 555; *Rhinehardt* v. *Reifers*, 158 Ind. 675, 64 N. E. 459; *Haas* v. *Fontenot*, 132 La. 812, 61 South. 831.

Under the rule laid down in these authorities we are of opinion that the record of the Ely mortgage did not impart constructive notice to the mortgagee in the Bateman mortgage, and since no actual knowledge or notice thereof was shown to have been had by or imparted to this mortgagee, the court was in error in holding that the lien of the Ely mortgage was superior to the lien of the Bateman mortgage.

The facts in this case are wholly different from those involved in the case of *Guerin* v. *Sunburst Oil & Gas Co.*, 68 Mont. 365, 218 Pac. 949. In that case the plaintiff claimed to be an innocent purchaser for value of a tract of land located in

Toole county, but the evidence showed that there were three instruments of record making specific reference to an oil and gas lease covering the land in question, executed by the plaintiff's grantor, and it was held that, even though the oil and gas lease was not recorded, the reference thereto in the recorded instruments was sufficient to put the plaintiff on inquiry, and that she was "chargeable with notice of all that she could have learned if she had pursued her inquiry to the full extent to which it led." In the instant case neither the Ely mortgage nor any other instrument disclosed contains anything which would indicate to one examining the record that the lots mentioned in the Ely mortgage were located outside the Lenox addition.

Because the defendants Anthony J. and Adeline Hoida did not appeal from the judgment which in effect held that contrary to its express provisions the Ely mortgage was intended to cover land located outside the Lenox addition, with exception of the modification hereinafter made, the judgment will stand so far as they are affected.

For the reasons above indicated, the cause is remanded to the district court, with instructions to modify the judgment so as to adjudge that the lien of the Bateman mortgage is prior and superior to the lien of the Ely mortgage, and to decree that as to all of said land which is covered by both the Bateman and Ely mortgages the lien of the Ely mortgage is subsequent and inferior to the Bateman mortgage, but, if any portion of the land covered by the Ely mortgage is not covered by the Bateman mortgage, to order the same sold and the proceeds applied toward the satisfaction of the Ely mortgage. When so modified, the judgment will stand affirmed.

*Modified and affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY and GALEN concur.