No.   90-040

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

GREG PONCELET   , D/B/A MONTANA READY MIX,
      Plaintiff and Appellant,
      -vs-
SHARON A. ENGLISH; WHITECAP INTERNATIONAL,
INC., COLONIAL SAVINGS AND LOAN ASSOCIATION,
and FIRST AMERICAN TITLE AND ESCROW OF POLSON,
      Defendants and Respondents.

APPEAL FROM:   District Court of the Twentieth Judicial District,
               In and for the County of Lake,
               The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Richard J. Andriolo, Berg, Lilly, Stokes, Andriolo,
            Bozeman, Montana

        For Respondent:

            Marshall Murray, Murray, Kaufman, Vidal & Gordon,
            P.C., Kalispell, Montana

                                    Submitted:  May 3, 1990

                                    Decided:  July 12, 1990

Filed:

Justice John C. Sheehy delivered the Opinion of the Court.

Appellant Greg Poncelet appeals from the determination of the District Court, Twentieth Judicial District, Lake County, granting summary judgment to Colonial Savings and Loan Association as to lien priority. We affirm the District Court.

Appellant raises the following issues:

1. Whether Colonial Savings and Loan and Whitecap International had notice of the appellant's prior recorded mortgage despite the error in its legal description.

2. Whether the District Court erred in precluding priority designation to appellant's prior recorded mortgage.

Respondent English executed a promissory note to appellant Poncelet, secured by a mortgage on real property in Polson, Lake County. The note and mortgage were recorded on June 2, 1986. The mortgage was drafted by Poncelet without benefit of any title insurance commitment. The description read:

> Lot "A" of the Amended Plat of Lots 11 and 12 in Block 6, City of Polson, Lake County, Montana, according to the official plat thereof on file and of record in the office of the County Clerk and Recorder of Lake County, Montana.

This legal description was in error since the appropriate description was:

> Lot "A" of the Amended Plat of Lots 11 and 12 of Block 6 of Riverside Addition to the City of Polson, Lake County, Montana, according to the official plat thereof on file and of record in the office of the County Clerk and Recorder of Lake County, Montana. (Emphasis added.)

On November 28, 1986, English executed and delivered a trust indenture to First American Title and Escrow of Polson as the trustee, and Whitecap International, Inc. as the beneficiary, to secure the payment of a loan of $79,926. The trust indenture was recorded on December 4, 1986, and later assigned to Colonial

2

Savings and Loan Association.

Whitecap required the English loan to be secured by a mortgage on English's real property in Polson. Whitecap had First American examine the title to the real property. The record discloses that First American was aware of an existing mortgage on property belonging to English. Despite that knowledge, First American made no follow-up inquiries regarding the English-Poncelet mortgage. There is no dispute that a simple search of the grantor\grantee index for Lake County would have revealed the English-Poncelet mortgage and its reference number.

Poncelet initiated the foreclosure on the note and mortgage given by English on November 17, 1987. In his complaint, Poncelet sought the $32,545.05 balance on the note plus interest, a reformation by the court of the legal description to include the omitted language "of Riverside Addition," and all proceeds from the sale of the property, plus any deficiency which might remain.

Colonial Savings and Loan, a named defendant, answered, counterclaimed and cross-claimed on February 18, 1988. Colonial, which had been assigned the Whitecap note and trust indenture, raised as a counterclaim the inferior interest of Poncelet's mortgage due to the error in legal description, and sought a judicial declaration that it be declared null and void. In its cross claim, Colonial sought judicial foreclosure on the trust indenture, claiming English to be in default. Default for failure to answer or otherwise plead as to the Poncelet claim was entered against English on April 7, 1988. Similar default as to the

Colonial cross-claim against English was entered on June 29, 1988.

The District Court ordered foreclosure on the English-Whitecap-Colonial trust indenture, reserving the question as to validity and priority of the English-Poncelet mortgage. The court also reformed the English-Poncelet mortgage to add the missing language and decreed its foreclosure as against English only.

Colonial and Poncelet thereafter submitted briefs to the District Court, and both parties moved for summary judgment. The court determined that both the English-Whitecap-Colonial trust indenture and the English-Poncelet mortgage were valid, but that the latter was invalid, null, and void in relation to the former. The court granted Colonial's motion for summary judgment and denied Poncelet's motion. From this judgment, Poncelet appeals.

Poncelet maintains that Colonial and Whitecap had notice of the Poncelet mortgage through First American Title and Escrow of Polson, arguing that due to First American's actual notice of the Poncelet mortgage, Whitecap and its successor Colonial are thereby charged with notice.

The record discloses no evidence of actual notice of the Poncelet mortgage on the parts of Whitecap or Colonial. Such notice is crucial. Montana case law is clear on this point. The form of recording of conveyance is paramount unless a party has _actual_ notice of a prior claim. Hastings v. Wise (1931), 89 Mont. 325, 297 P. 482; Angus v. Mariner (1929), 85 Mont. 365, 278 P. 996; Baker v. Bartlett (1896), 18 Mont. 446, 45 P. 1084. While this rule may have an undeniably harsh effect where Poncelet is

4

concerned, we cannot minimize the import of full compliance with proper legal descriptions for the purpose of constructive notice from recorded instruments. It was incumbent upon Poncelet to make certain that the recorded mortgage contained an accurate legal description of the property.

In Ely v. Hoida (1924), 70 Mont. 542, 226 P. 525, a case on all fours with the one at bar, this Court stated that in order to give a mortgage priority as against a subsequent mortgagee, the mortgage must describe the land covered by it with sufficient accuracy to enable one examining the record to identify the land. In the present case, as in Ely, the mortgage described land other than the land intended to be mortgaged. The subsequent mortgagee had no duty to inquire further when the mortgage appeared on its face to describe some property but not specific property. The Court in Ely stated:

> When Bateman took her mortgage, if she desired to protect herself against prior recorded conveyances or mortgages of the property embraced therein, it was, of course, her duty to examine the records. If she did so and discovered that the Ely mortgage covered lots 17 and 18 in block 1, Lenox addition, even though she actually read this instrument she was under no obligation to pursue her inquiry further. There is nothing upon the face of the Ely mortgage to indicate that there was any mistake or imperfection therein. It contains as plain, simple, and unambiguous a description as can be imagined, and one reading it would have a right to assume that it was correct, and would have no duty imposed upon him to go beyond the record for the purpose of ascertaining that the parties intended to cover land located entirely outside the Lenox addition.

Ely, 70 Mont. 542 at 547-548.

The Court went on to state that "when the record of the

5

instrument appears by it description to relate to a certain and definite tract of land, it is not constructive notice as to other land which it was intended to, but did not, describe."

Clearly, neither the title company nor Whitecap or Colonial had a duty to inquire further when the Poncelet mortgage appeared to describe property outside the Riverside Addition. Rather, the risk is and should be upon the first mortgagee to use care in correctly and properly describing the property to protect against subsequent purchasers or mortgagees. The District Court correctly held the Poncelet mortgage to be inferior in priority to the Whitecap-Colonial trust indenture.

Affirmed.

_John L. Sheehy_
Justice

We Concur:

_F. A. Turnage_
Chief Justice

_John Conway Harrison_

_Diane G. Barz_

_William E. Hunt_

_R. C. McDonough_

_Fred J. Weber_
Justices