No.   91-044

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991


DENNIS R. WASHINGTON,

       Plaintiff and Respondent,

   -vs-

JAMES D. SLACK, JR.; LES HARDY, JR.,
d/b/a HARDY LEASING and BERT E. ARNLUND;
AETNA LIFE INSURANCE COMPANY, a corp.;
NORWEST BANK OF BILLINGS, N.A. f/k/a
THE FIRST NORTHWESTERN BANK OF BILLINGS,
a National Banking Assoc.; CARBON COUNTY
OIL COMPANY d/b/a VONDRA'S EXXON; DILL,
DILL & McALLISTER, a partnership of
attorneys; STANDARD OF MONTANA RESOURCE
CORP., a Montana corp.



FILED

JUN 13 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

       Defendants and Appellants.


APPEAL FROM:   District Court of the Thirteenth Judicial District,
                 In and for the County of Carbon,
                 The Honorable William J. Speare, Judge presiding.


COUNSEL OF RECORD:

       For Appellants:

           Carol Hardy Conrad; Pedersen & Conrad, Billings,
           Montana

       For Respondent:

           Evonne  Smith  Wells, Attorney  at  Law,  Missoula,
           Montana


                    Submitted on Briefs:  April 18, 1991

                             Decided:  June 13, 1991

Filed:

_____
                 Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The appellants, Les Hardy, Jr. and Bert E. Arnlund, appeal from the Judgment and Decree of Foreclosure of the District Court of the Thirteenth Judicial District, Carbon County, granting summary judgment to the respondent, Dennis R. Washington, as to lien priority. We affirm.

The dispositive issue on appeal is whether the District Court erred in concluding that the error contained in the respondent's mortgage was not material and therefore, as a matter of law, that the appellants, as subsequent judgment lienholders, had constructive notice of the respondent's prior recorded mortgage.

On May 9, 1983, the defendant James D. Slack, Jr., entered into an agreement with Atlantic Richfield Company (ARCO) whereby Slack agreed to purchase from ARCO four tracts of real property. Two of the tracts are contiguous property in an area commonly known as Washoe and located in Township 8 South, Range 20 East, P.M.M., Carbon County, Montana. The other two tracts are in the Joliet area and are located in Township 4 South, Range 22 East, P.M.M., Carbon County, Montana. When ARCO deeded the four tracts of land to Slack, it reserved unto itself the oil and gas interest in those tracts. The deed from ARCO as grantor to Slack as grantee was made effective May 9, 1983, and was recorded in the office of the Clerk and Recorder of Carbon County, Montana, at 9:45 a.m., May 11, 1983.

On the effective date of the deed, May 9, 1983, Slack executed a promissory note to ARCO, secured by a mortgage on the four tracts of land. The mortgage, which named Slack as the mortgagor and ARCO

2

as the mortgagee, was recorded in Carbon County on May 11, 1983 at 9:50 a.m. The deed and the mortgage both contain the same legal description of land as to Township, Range, Sections and portions of Sections. The mortgage provided in part:

> That Mortgagor hereby mortgages to Mortgagee all that property described on attached Exhibit A, incorporated herein by this reference, located in Carbon County, Montana, as security for the payment to Mortgagee of Three Hundred Thousand Dollars ($300,000.00) on or before May 1, 1988, with interest thereon at the rate of eleven percent (11%), as required in that certain Note of even date herewith.

Exhibit A, attached to the mortgage, provided that the mortgage covered "[a]ll ARCO's right, title, and interest in the following described tracts: . . . ." This language was followed by the correct legal description of the four tracts of land. Exhibit A was in error. It should have stated "[a]ll Slack's right, title, and interest in the following described tracts: . . . ."

On September 27, 1984, the defendants and appellants, Les Hardy, Jr. and Bert E. Arnlund, obtained a judgment against Slack in the amount of $78,312.10. An abstract of the judgment was recorded in Carbon County on October 4, 1984. The appellants had no actual notice of the existence of the Slack-ARCO mortgage and their judgment lien has never been satisfied.

On October 2, 1987, ARCO assigned its interest in the Slack-ARCO mortgage and promissory note to the plaintiff and respondent, Dennis R. Washington. The assignment of the mortgage was recorded on July 1, 1988. Slack failed to pay the full amount of principal and accrued interest on or before May 1, 1988, as required by the promissory note secured by the mortgage. On April 10, 1989, the

3

respondent commenced a foreclosure action on Slack's interest in the tracts of land described in the mortgage; he asserted that the mortgage had priority over the appellants' judgment lien.

On April 26, 1989, the appellants answered and cross-claimed, asserting that their judgment lien had first priority based upon the error in the attachment to the respondent's mortgage. The parties filed cross-motions for summary judgment on the issue of priority. The District Court determined that the respondent's mortgage and the appellants' judgment lien were valid liens against the real property and that the mortgage had priority over the judgment lien. The court concluded that the error in the attachment to the mortgage was not material and, as a matter of law, that the appellants had constructive notice of the mortgage. The District Court then granted the respondent's motion for summary judgment, denied the appellants' motion, and ordered foreclosure. Other facts relevant to this appeal will be discussed as necessary.

Did the District Court err in concluding that the error contained in the respondent's mortgage was not material and therefore, as a matter of law, that the appellants, as subsequent judgment lienholders, had constructive notice of the respondent's prior recorded mortgage?

The appellants maintain that when ARCO deeded the tracts of land to Slack and reserved for itself the oil and gas interest in those tracts, two separate estates were created. They assert that Slack's mortgage to ARCO, stating that it covered all of ARCO's interest in the tracts, contained a material error insofar as the

4

rights of third parties are concerned because the mortgage identified ARCO's oil and gas estate as the encumbered property and did not disclose an encumbrance upon Slack's interest in the surface estate.

The appellants further contend that the recording of the defective mortgage did not impart constructive notice to them as Slack's subsequent judgment creditors. Citing Poncelet v. English (1990), 243 Mont. 481, 795 P.2d 436 and Ely v. Hoida (1924), 70 Mont. 542, 226 P. 525, they argue that a mortgage describing the wrong property is not constructive notice as to other property which the parties to the mortgage intended to, but did not, describe.

In Poncelet, the property owner executed to Poncelet a mortgage containing an erroneous legal description. The mortgage described "Lot 'A' of the Amended Plat of Lots 11 and 12 in Block 6, City of Polson, Lake County, Montana, according to the official plat . . . ." The description left out "of Riverside Addition." After recordation of the Poncelet mortgage, the property owner executed another mortgage which was subsequently assigned to Colonial Savings and Loan Association (Colonial). This mortgage contained a correct legal description. Thereafter, Poncelet brought suit for foreclosure and reformation of his defective mortgage, naming Colonial as a defendant. Colonial moved for summary judgment on the basis that its mortgage had priority over Poncelet's earlier, but defective, mortgage. This Court affirmed summary judgment in favor of Colonial, holding that the second

5

mortgage had priority over the first.

> The form of recording of conveyance is paramount unless a party has _actual_ notice of a prior claim. (Citations omitted.) While this rule may have an undeniably harsh effect where Poncelet is concerned, we cannot minimize the import of full compliance with proper legal descriptions for the purpose of constructive notice from recorded instruments. It was incumbent upon Poncelet to make certain that the recorded mortgage contained an accurate legal description of the property.

> In _Ely v. Hoida_ (1924), 70 Mont. 542, 226 P. 525, a case on all fours with the one at bar, this Court stated that _in order to give a mortgage priority as against a subsequent mortgagee, the mortgage must describe the land covered by it with sufficient accuracy to enable one examining the record to identify the land_. In the present case, as in _Ely_, the mortgage described land other than the land intended to be mortgaged. The subsequent mortgagee had no duty to inquire further when the mortgage appeared on its face to describe some property but not specific property . . . . (Emphasis added.)

_Poncelet_, 243 Mont. at 484, 795 P.2d at 438.

In _Ely_, Ely's prior recorded mortgage described lots 17 and 18 in block 1, Lenox addition. This block did not contain any lots numbered 17 and 18. The later Bateman mortgage included an accurate legal description of the property located outside the Lenox addition. In holding that the second mortgage had priority over the first, this Court stated:

> When Bateman took her mortgage, if she desired to protect herself against prior recorded conveyances or mortgages of the property embraced therein, it was, of course, her duty to examine the records. If she did so and discovered that the Ely mortgage covered lots 17 and 18 in block 1, Lenox addition, even though she actually read this instrument she was under no obligation to pursue her inquiry further. _There is nothing upon the face of the Ely mortgage to indicate that there was any mistake or imperfection therein. . . . and one reading it would have a right to assume that it was correct, and would have no duty imposed upon him to go beyond the record_ for the purpose of ascertaining that the parties

6

intended to cover land located entirely outside the Lenox addition. . . . (Emphasis added.)

Ely, 70 Mont. at 547-48, 226 P. at 527

Construing the Poncelet and Ely decisions together, the property covered by the mortgage will be held to be described with sufficient accuracy, and will impart constructive notice through the operation of the recording statutes, if one examining the mortgage may, from the language of the mortgage and the information gained from the inquiry clearly suggested by the language of the mortgage, identify the specific land intended to be included. Because each case depends on its own facts, the determination of what constitutes "sufficient accuracy" must be made on a case-by-case basis.

The appellants are correct in their assertion that when ARCO deeded the tracts of land to Slack and reserved the oil and gas interest in those tracts, two separate estates were created. See In re Hume's Estate (1954), 128 Mont. 223, 272 P.2d 999. However, it is also true in this state that, although the oil and gas interest is a separate estate, its boundaries continue to be dictated by the boundaries of the severed surface estate. Jackson v. Burlington Northern Inc. (1983), 205 Mont. 200, 204, 667 P.2d 406, 408. Therefore, we are presented here with a factual situation where more than one property interest exists within the boundaries of the land; as such, the case at bar is distinguishable from both Poncelet and Ely.

In this case, there is no error in the legal description contained in the mortgage executed by Slack to ARCO. The legal

7

description contained in Exhibit A would lead one examining the record directly to the four tracts of land owned by Slack and which were the subject of the mortgage. The question then becomes whether the mortgage sufficiently denotes the specific property interest in those tracts of land which was intended to be covered by the mortgage.

Upon examining the mortgage in its entirety, it is obvious from the face of the mortgage that it contains a mistake in its reference to the specific property interest encumbered. Slack executed the mortgage as mortgagor and was expressly named as mortgagor on pages one and three of the instrument. The mortgage also provided:

> That Mortgagor hereby mortgages to Mortgagee all that property described on attached Exhibit A . . . as security for the payment to Mortgagee of Three Hundred Thousand Dollars ($300,000.00). . . .

In Exhibit A, there is language immediately preceding the legal description that states: "All ARCO's right, title, and interest in the following described tracts: . . . ." This language is inconsistent with the body of the mortgage which clearly denotes Slack as the mortgagor and ARCO as the mortgagee, since it is axiomatic that a mortgagor cannot mortgage a mortgagee's interest in property. This mistake in the mortgage is made even more obvious by the specific reference to the oil and gas interest reserved by ARCO immediately following the legal description of the four tracts of land in Exhibit A. This reference was a clear indication that the reserved interest was excepted from the mortgaged property.

8

Under these particular facts, it is obvious from the face of the mortgage that the parties to the mortgage intended the mortgage to cover Slack's interest in the surface estate. Unlike the factual circumstances in Poncelet and Ely, one examining the mortgage containing this obvious error would at least have a duty to inquire into the mortgage and would be chargeable with constructive notice of all the information in the public records which would be gained if the inquiry was pursued to the full extent to which it led. Guerin v. Sunburst Oil & Gas Co. (1923), 68 Mont. 365, 371, 218 P. 949, 951. From the public records, the constructive notice given thereby, and the mortgage and deed instruments, it is illogical to assert that the mortgage contained a material error.

We hold that the District Court did not err in concluding that the error contained in the mortgage was not material and therefore, as a matter of law, that the appellants, as subsequent judgment lienholders, had constructive notice of the respondent's prior recorded mortgage. Where, as here, the specific property intended to be mortgaged can be identified from the instrument itself or from inquiry clearly suggested by the language of the instrument, such error does not affect the validity of the instrument.

Affirmed.

_____
                        Justice

We concur:

_____
Chief Justice

9

_____

_____

_____

_____

_____
Justices

June 13, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Carol Hardy Conrad
Pedersen & Conrad
1645 Ave. D
Billings, MT 59102

Evonne Smith Wells
Attorney at Law
P.O. Box 9410
Missoula, MT 59807

James D. Slack, Jr.
P.O. Box 1369
Red Lodge, MT 59068

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy